Moore & Moore vs. Robinson, Trieber et al.

<div style="float:right">For interest of deceased partner in partnership effects</div>

We can see no reason why the widow and heirs of John R. Z. Vaughn were made defendants.

The decree is affirmed.

---

## MOORE & MOORE VS. ROBINSON, TRIEBER et al.

HUSBAND AND WIFE: *Husband may assign decree in favor of himself and wife: Equitable assignment: Estoppel.*

A husband has the right to assign a money decree rendered in favor of himself and wife; and an order from him, alone, for part of the fund, is an equitable assignment of it *pro tanto*. It is not necessary that the order be accepted by the party having the fund in possession. And a subsequent assignment of the decree by the husband *and* wife will entitle the assignee only to the remainder, after satisfying the first order. Moreover, if the last assignee have, at the time of his assignment, notice of the husband's order, and knowingly permit payments to be made on it without objection, this is an admission of the husband's authority to make the order; and after the payment of the balance called for by the order, estops him from questioning its validity by a suit against the payee.

APPEAL from *Phillips* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*Tappan & Hornor*, for appellants.

*Thweatt*, contra.

HARRISON, J.   At the November term, 1877, of the Phillips circuit court, in a suit in equity by David Trieber and

Carrie Trieber, his wife, against W. E. & C. L. Moore, for the settlement of a partnership business, a decree was rendered in favor of said Trieber and wife, against said W. E. & C. L. Moore, for the sum of $1,195.06; and it was adjudged that the costs of the suit, in which costs a fee of $100 was allowed a Master in Chancery for taking and stating an account between the parties, should be paid equally by the plaintiffs and the defendants.

A former decree was rendered in the case at the June term, 1873, in favor of Trieber and wife, from which the defendants took an appeal, which was reversed by this court, at the November term, 1876. See *W. E. & C. L. Moore v. Trieber and wife, 31 Ark., 113.*

Pending the suit, and before the first decree was rendered, the partnership effects were placed in the hands of a receiver.

On the eighth day of April, 1874, and after the appeal was taken, David Trieber gave Richardson & May the following order :

"HELENA, April 8, 1874.

"Messrs. W. E. & C. L. Moore, or E. L. Stephenson, receiver:

"DEAR SIRS—You will please pay to order of Richardson & May nine hundred and sixty-four dollars and eighty one cents, and interest on same, at 8 per cent. per annum, from March 26, 1874. Pay out of first money coming to me in your hands. D. TRIEBER."

Several payments were made Richardson & May on the order, by the receiver before the final decree, which were reported to and allowed by the court upon the settlement of his accounts, by which Trieber and wife's demand was reduced ; and when the final decree was rendered there

remained due on the order $617.03. On the thirty-first day of August, 1875, Trieber and wife, by the following instrument, assigned the demand or claim in controversy to Nelson & Hanks:

"For value received, we, David Trieber and Carrie Trieber, do hereby assign, transfer and set over to Nelson & Hanks the judgment rendered in the circuit court of Phillips county, state of Arkansas in our favor, against W. E. & C. L. Moore, and we do hereby authorize and empower the said Nelson & Hanks, in our name, or in their own, to proceed to collect the same; hereby ratifying and confirming any and all things that they may do in the premises.

"Witness our hands and seals this, thirty-first day of August, A. D. 1875.

<div style="text-align:right">"DAVID TRIEBER.   [Seal.]<br>"CARRIE TRIEBER.   [Seal.]"</div>

After the last or final decree, W. E. & C. L. Moore paid Richardson & May the remainder due on the order. They also paid the whole of the fee of the Master in Chancery, and half of their part of the other costs.

And they also offered to pay Nelson & Hanks, after deducting what they had paid Richardson & May and one-half of the Master's fee, the remainder of the decree; but Nelson & Hanks denied that Richardson & May had any interest in the decree, and demanded the whole, less $50, one half the Master's fee.

Morris Wroucker, at the same term of the court at which the decree was rendered, recovered judgment against Carrie Trieber for $559 50, and he caused a writ of garnishment to be served on W. E. & C. L. Moore.

An execution upon the decree was issued at the instance of Nelson & Hanks, and was in the hands of the sheriff, to be levied.

W. E. & C. L. Moore filed their complaint in equity against Trieber and wife, Nelson & Hanks and said Wroucker, in which they offered, after deducting the sum of $667.50, to bring the remainder of the money into court, to be paid to the party entitled to it; and prayed that the decree be enjoined, and a temporary injunction was granted.

Trieber and wife and Wroucker did not answer the complaint or make any defense.

Nelson & Hanks, in their answer, averred that the suit was brought for the benefit of Carrie Trieber, alone, and denied that her husband, David Trieber, had any right or authority to assign any part of the claim. The garnishment of Wroucker, they said, had been dismissed.

The plaintiffs brought and paid into court the sum of $528 03. The court, upon the hearing, dissolved the injunction, and decreed that they should pay the said sum of $667.50, and that that should also be paid into court.

The plaintiffs appealed.

There was no proof of the dismissal of Wroucker's garnishment, but it has been repeatedly held that a judgment debtor is not liable to garnishment; and that matter may be laid out of view.

2. HUSBAND AND WIFE: Husband's rights over joint decree.

The decree was in favor of both David and Carrie Trieber, and no evidence was offered, if any had been admissible, of the truth of the averment in the answer that David Trieber had no interest in the subject of the suit, nor authority to assign any part of the claim.

There was no evidence that Mrs. Trieber had a separate property in the partnership effects, and the presumption is, therefore, that she did not have, and that her husband had the right to appropriate them to himself, or to dispose of them as he might choose.

And the evidence shows that the moneys paid over by the receiver during the pendency of the suit, were received and receipted for by him, and his authority to receive the same, and also to give the order, was recognized by the court, by its approval of the receiver's reports, and the account stated by the Master in Chancery, in which the payments by the receiver to him, and to Richardson & May, on the order, were charged against him and Mrs. Trieber; and no exception was made to either by Nelson & Hanks, who, as the pleadings show, knew when the assignment was made to them that Richardson & May held the order. By not objecting to the payments to Richardson & May, they admitted the authority of David Trieber, and they were, after the appellants had paid the remainder called for by the order, estopped from questioning its validity.

*Estoppel.*

The order was an equitable assignment *pro tanto* of the interest of David Trieber and wife in the partnership effects. *2 Sto. Eq. Jur., sec. 1047.*

*Equitable assignment.*

It was not necessary that it should have been accepted by the appellants. To constitute an assignment of a debt, or other chose in action, in equity, no particular form is necessary, and it may be by parol. Judge Story says: If A, having a debt due to him from B, should order it to be paid to C, the order would amount, in equity, to an assignment of the debt, and would be enforced in equity, although the debtor had not assented thereto. The same principle would apply to the case of an assignment of a part of such debts. In each case, a trust would be created in favor of the equitable assignee on the fund, and would constitute an equitable lien upon it. *2 Sto. Eq. Jur., secs. 1044, 1047.*

There can be no question that the appellants should have

been allowed to retain one-half of the Master's fee paid by them.

The appellants did not offer to bring the money for which they claimed credit, in any event, into court, and did not ask an interpleader as to that—and if their right to such credit had not been established, they should not have been required to pay it into court.

The money brought into court should have been directed to be paid over to Nelson & Hanks, and a satisfaction of the decree or a perpetual injunction as to the remainder decreed.

The decree of the court below is therefore reversed, and a decree in conformity with this opinion will be entered here.