### CALDWELL v. MESHEW ET AL.

1. PRINCIPAL AND AGENT: *Action on notes to agent: Parties.*
   Notes payable to the order of an agent in the transaction, or transferred to him, and mortgages to secure them, are the property of the principal, and are transferrable by delivery of the principal without indorsement of the agent; and the transferree may sue in equity in his own name to foreclose the mortgage and collect the debts.

2. ACTION: *On unindorsed notes: Proof of assignments.*
   Mere possession and exhibition of unindorsed notes are not evidence of ownership in the holder, but he must prove the transfer to him if denied.

APPEAL from *Randolph* Circuit Court in Chancery.
Hon. E. F. BROWN, Special Judge of Circuit Court.

*W. F. Henderson* for appellant.

A suit at law can be maintained by a holder and owner of an unindorsed promissory note. (*36 Ark., 501.*) Appellant alleged that he was the absolute owner and holder of the notes and mortgage. He joined the payee and all parties claiming any interest in the notes and mortgage as defendants. This was sufficient. *28 Mo., 180; 36 Ib., 493.*

If the allegations of the complaint are true, and the demurrer admits it, Meshew was a naked trustee of the title for the benefit of appellant, who succeeded to all the rights of Avandana Brothers.

*Sanders & Husbands* also for appellant.

The court certainly had jurisdiction, the objects of the bill being, first, to declare title to the notes and mortgage in appellant and cancel outstanding titles of Meshew and Avandana Brothers. *Story Eq., vol. 1, secs. 99, 729; 1b., vol. 2, 1039; Daniel Neg. Inst., vol. 1, sec. 744; Jones on Mort., vol. 1, sec. 813.*

Second. To state an account of taxes, etc., paid, and for trespasses, damage, etc., to the mortgaged premises. (*1 Jones on Mortg., sec. 721; 10 Cush., 99.*) Jurisdiction having attached for one purpose, a court of equity will settle all matters in one suit. *37 Ark., 286.*

Third. To foreclose the mortgage.

*W. R. Coody* for appellee, Meshew.

Meshew, as agent of Avandana Brothers, expended their money, taking the notes and securities in his own name. The appellant, without any assignment or transfer, seeks to enforce and collect by personal judgment and foreclosure. *It cannot be done.* A simple trust was created, in the nature of a vendor's lien, with the right in the principal to a decree of sale to reimburse the trust fund. (*Perry on Trusts, secs. 127–8, 838, 842–3, 234, 238.*) Such a trust is personal, like a vendor's lien, and *not assignable* (*Ib., sec. 238; 43 Ark., 464; 31 Ib., 728*); especially to a stranger. *Ib., 634; 33 Ib., 77; 39 Ib., 344; 23 Ib., 622; 38 Ib., 20; Perry on Trusts, sec. 836.*

The notes are not commercial paper, and could not pass by delivery. They could only pass by assignment. *10 Ark., 496; 9 1b., 219; 33 Ib., 712; 15 1b., 481, 536; 11 1b., 104.*

The assignment of a mortgage does not carry the debt. (*Herman on Ch. Mort., p. 424.*) The interest of a mort-

gagee cannot be assigned or transferred without assigning the debt. *5 John. Chy., 570.*

If this was a personal action against Brown, and appellant had alleged that he was the *real owner*, then Brown would have to answer. (*36 Ark., 505.*) But the facts alleged render it impossible for appellant to be *the real owner or holder.*

SMITH, J. The bill in this case alleged that Avandana Brothers were merchants in New Orleans, and Meshew was their agent in Randolph County; that the defendant, Brown, being indebted to said firm in the sum of $298.27, made his note for the sum payable to the order of said Meshew, and secured the same by mortgage upon real estate; that Hecht, Bro. & Co., the holders of a certain other promissory note of said Brown for $374.77, also secured by mortgage upon other lands, had indorsed the same to Meshew without recourse upon them, but the consideration for said transfer had moved from Meshew's principals, the Messrs. Avandana, and the transfer was in reality for their benefit; that Meshew had afterwards delivered both of said notes and mortgages to his said principals, but without any indorsement in writing, and they had without writing sold and delivered the same to Henderson, and he had transferred them for value, but without recourse, to the plaintiff.

The bill further stated that Meshew had, at his own expense, redeemed the mortgaged lands from a tax sale, and had paid the taxes for several years, and that the plaintiff had offered to repay these advances, but his offer had been declined. And that Meshew had committed sundry depredations upon the lands by cutting timber, whereby the value of the lands was depreciated. But it was not claimed

that this deterioration had proceeded so far as to affect the plaintiff's securities for his debts.

Meshew, Brown and wife, Henderson and Avandana Brothers were made defendants to the bill. And the prayer was, that as between Meshew and the plaintiff an account might be stated, giving Meshew credit for his redemption money and taxes, and charging him with the value of the timber cut from the lands and converted to his own use, the plaintiff offering to pay into court any deficiency that might be found due by him; that the notes and mortgages might be declared to have been executed in the one case, and to have been transferred in the other, to Meshew as agent for Avandana Brothers, and to be subsisting charges upon the lands; and that the plaintiff have judgment against the maker of them for principal and interest, they being past due, and for general relief. There is no specific prayer for foreclosure, but we assume from his coming into chancery that this relief is desired.

The bill was dismissed upon a demurrer which specified that it did not show any right in the plaintiffs to maintain the suit. The action of the court is apparently based upon the idea that Caldwell could not sue because the notes were made payable to Meshew's order, and had never been indorsed by him.

If, as the demurrer admits, Meshew was but an agent in the transactions in the course of which these notes and mortgages were made or transferred to him, the securities were the property of his principals, and they could transfer them by delivery without indorsement. And it is probable that under our statute, which requires all actions to be prosecuted in the name of the real party in interest, the holder under such a transfer might sue, even at law. (*Heartman v. Franks, 36 Ark., 501.*) But certainly in

equity the assignee of choses in action must be permitted to enforce his rights in his own name.

Of course it is open to Meshew to deny his agency in the matters out of which the debts arose, and also to deny the assignment, which must then be proved. For the mere possession of the instruments unindorsed is not evidence of ownership, nor is their exhibition sufficient ground of recovery. And the plaintiff would only succeed to the rights of his assignors and recover subject to such defenses as were available against them. *1 Daniel Neg. Inst., secs. 741, 743; 1 Jones Mortgages, sec. 813.*

Reversed and remanded, with directions to overrule the demurrer and require the defendants to answer.