TUCKER *v.* BYERS.

Opinion delivered January 28, 1893.

</div>

*Landlord and tenant—When relation does not exist.*

> There is no implied promise on the part of a judgment debtor,
> whose land has been sold under execution, to hold as tenant of
> the purchaser.

Appeal from Yell Circuit Court, Dardanelle District.

JORDAN E. CRAVENS, Judge.

*William N. May*, for appellants.

1.   A landlord is one who rents land to another, and
puts him in possession.   The mere fact that Byers pur-
chased the land at sheriff's sale did not establish the re-
lation of landlord and tenant.   His remedy was eject-
ment, if any.   2 Bouv. Law Dic.; 1 Parsons, Cont. pp.
499–500 ; 1 Wash. Real Prop. pp. 565–6–7, etc.

2.   The sheriff's sale was void.   Mansf. Dig. sec.
2994.

COCKRILL, C. J.   Viewing the facts in the light of
the appellant's abstract, the statements of which the
appellee has not seen fit to controvert, the case stands
thus :

The appellee purchased the appellant's land at execution sale, and, after obtaining a deed in pursuance of the sale, brought suit against the appellant before a justice of the peace, and sued out an attachment, under the landlord's lien act, to recover the rent of the land. Upon that state of facts, no cause of the action *ex contractu* arises. To justify the recovery of rents, the relation of landlord and tenant must exist, and that relation depends upon contract, express or implied. But there is no implied promise on the part of a judgment debtor, whose land has been sold under execution, to hold as a tenant of the purchaser.

The judgment of the circuit court in favor of the appellee will be reversed, and the caused remanded. It is so ordered.