## LOVE v. CAHN.

### Opinion delivered December 20, 1909.

1. PARTIES—HOW DEFECT OF, RAISED.—A general demurrer does not reach the defect of a want of proper parties. (Page 219.)

2. SAME—DEFECT OF PARTIES CURED WHEN.—The error of suing upon a non-assignable claim without making the assignor a party is cured where the assignor was permitted to enter his appearance and become a party to the action after it was instituted. (Page 220.)

3. LIMITATION OF ACTIONS—NEW SUIT AFTER NONSUIT.—Kirby's Digest, § 5083, providing that a plaintiff may bring a new suit within a year after he suffers a nonsuit, does not narrow the period of limitation in such case, but extends the period provided by the general statute of limitation applicable to the cause of action. (Page 220.)

4. ASSIGNMENTS—RIGHTS UNDER SUPERSEDEAS BOND.—The assignment of a claim under a supersedeas bond vests in the assignee an equitable right to the claim. (Page 221.)

5. PARTIES—REAL PARTY IN INTEREST.—Under Kirby's Digest, § 5999, providing that actions shall be brought in the name of the real party in interest, the assignee of a claim growing out of the breach of the supersedeas bond is entitled to sue in his own name for the enforcement of such claim. (Page 221.)

6. LANDLORD AND TENANT—WHEN RELATION EXISTS.—The relation of landlord and tenant is one of contract, and is not created by an order of the court to the effect that defendant should remain in possession of the land in controversy as plaintiff's tenant. (Page 221.)

7. APPEAL AND ERROR—SUPERSEDEAS BOND—CONSTRUCTION.—The liability incurred by the execution of a supersedeas bond is fixed by the legal import of its terms, which should be construed according to the ordinary and reasonable meaning of the language employed. (Page 222.)

8. SAME—LIABILITY UNDER SUPERSEDEAS BOND.—Under a supersedeas bond obligating the appellant to pay "all rents of which the appellee is kept out of by reason of the appeal," the bondsmen are liable for all prior rents, the collection of which is stayed, and all subsequent rents down to the time when the appeal was disposed of. (Page 222.)

Appeal from Chicot Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This was an action originally instituted in the Chicot Circuit Court by the appellee, Uda Cahn, against the appellants to recover upon a supersedeas bond executed by them in connection with an appeal to the Supreme Court taken from the decree and proceedings of the Chicot Chancery Court rendered in a cause wherein J. Kaufman was plaintiff and Henry and Mattie Love, his wife, were defendants. Upon said appeal the decree was affirmed and finally disposed of by this court on March 7, 1904; and the opinion rendered thereon is reported under the style of *Love* v. *Kaufman,* in 72 Ark. 265.

On September 10, 1900, the Chicot Chancery Court in said cause rendered a decree in favor of J. Kaufman and against Henry Love for the recovery of $1,126.04 and the foreclosure of a mortgage on certain land in Chicot County, which had been executed to secure said indebtedness. The said land was sold by a commissioner under and by authority of said decree to said J. Kaufman for $1,100; and that sale was duly confirmed on June 3, 1901, and a deed duly executed by the commissioner to

said Kaufman for said land in pursuance thereof. In said decree of confirmation the chancery court made also the following order: "And, it further appearing that the defendant, Henry Love, is occupying and has a growing crop on the improved portion of said land, it is further ordered that he remain in possession of said land for and during the year 1901, as the tenant of said J. Kaufman, and that he pay the said J. Kaufman the sum of five dollars per acre rent therefor, and that he surrender possession of said premises to the said J. Kaufman on the first day of January, 1902."

During 1901 Henry Love made said payment for the possession of said land under said order for the year of 1901 to Kaufman; but the court in the trial of the case at bar found that he did not surrender thereafter the possession of the land to Kaufman; and we think that there is sufficient evidence to sustain that finding.

On September 9, 1901, Henry Love duly prosecuted and perfected in the Supreme Court an appeal from said decree and proceedings of said chancery court, but without supersedeas bond at that time. Subsequently, on May 4, 1903, a supersedeas bond was executed and filed in the Supreme Court in said cause; and it is alleged in the complaint that a supersedeas was duly issued therein, which allegation was not denied. The supersedeas bond was executed by the appellants, Henry Love and Baldy Vinson, and was to the effect that the appellant would perform all the requirements and conditions named in section 1218 of Kirby's Digest, providing for the execution of such bond. At the same time said Vinson, who was the attorney of said Love, believing he had the authority to do so, signed the name of E. A. Bolton, his associate attorney in said case, to said bond as such associate attorney.

In his complaint in the case at bar the appellee alleged that during the pendency of said appeal, and by reason of the stay of proceedings secured by said supersedeas, said Love retained possession of and kept said Kaufman out of the rents of said land for the years of 1902, 1903, 1904 and 1905, aggregating $1,440, and did also damage said land by committing waste to to the amount of $200. He further alleged that said Kaufman did in 1906, by writing duly executed, transfer and assign to him all the claim and right of action growing out of the lia-

bility of appellants on said supersedeas bond; and he sought a recovery for the amount of said rents and damages. In said complaint said Kaufman is also made a party defendant, but no process was issued for him.

The appellants filed a general demurrer to the complaint, which was overruled, and they filed an answer, in which they denied that Love refused to surrender the possession of the land to Kaufman on January 1, 1902; and they claimed that any possession that he held thereafter was as tenant of Kaufman. They also denied the transfer of the claim upon which this action is based by Kaufman to appellee. They made the answer a cross complaint, and amongst other things made certain allegations upon which they based a prayer for affirmative relief against Kaufman, and they asked that process issue for him. They also asked that the cause be transferred to the chancery court, which was done.

At the trial of the cause Kaufman filed an answer in the case, and also appeared as a witness. In his pleading and in his deposition he stated that he had transferred and assigned the claim upon which this action is based to the appellee, as alleged in the complaint.

Upon the disputed questions of fact the court found that Love did not surrender the possession of the land to Kaufman on January 1, 1902, nor at any time thereafter, but upon his threatening to take possession Love perfected his appeal from said decree and secured the supersedeas thereof. That the claim and right of action upon which this suit is based was duly transferred and assigned by said Kaufman to appellee. That said Bolton, one of the defendants, did not execute said bond. That, by the execution of the bond sued on, all proceedings under the decree and orders of the chancery court in said cause, wherein Kaufman was plaintiff and Love was defendant, were stayed pending said appeal to the Supreme Court; and that said Love retained possession of the land, and Kaufman was deprived of the rents thereof. That the said decree was affirmed on March 7, 1904, when the liability on the supersedeas bond ceased. It found that the evidence did not show that any waste was committed on said land after said affirmance of the decree. It found that appellee was entitled to recover on said bond for the value of the rents of the years of 1902 and 1903, which it found

to be $360 for each year. It entered a decree dismissing the complaint as to said Bolton, and in favor of appellee and against appellants Love and Vinson for the said value of the rents for the years of 1902 and 1903. It denied any recovery for rents for any other years and for any alleged waste. No appeal was taken from that portion of the decree dismissing the complaint as to defendant Bolton. The other parties, plaintiff and defendants, to the suit below appeal from said decree.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee; *Baldy Vinson,* of counsel.

Kaufman was a necessary party, either plaintiff or defendant. Kirby's Digest, § 509; 47 Ark. 541; 10 Ark. 304; 57 Ark. 469. And he must have been made a party within one year from the taking of his nonsuit. Kirby's Dig., § 5083. . The commencement of an action is the filing of the complaint and issuance of summons. Kirby's Dig., § 6033; 57 Ark. 231; *Id.* 460; 62 Ark. 401. A surety's obligation cannot be extended beyond its terms. 71 Ark. 44; 82 Ark. 208; 44 Ark. 178; 76 Ark. 415. And only applies to the nature of the case appealed. 73 Ark. 67; 66 Neb. 891.

*Allen Beadel* and *W. G. Streett,* for appellee.

A supersedeas bond is assignable. Kirby's Dig., § 509. A general demurrer does not raise the question of defect or nonjoinder of parties. 33 Ark. 497; 34 Ark. 73. And the objection not raised by demurrer or answer is waived. 75 Ark. 288. Sureties on such bond are liable for all damages accruing during the pendency of the appeal. 59 Ark. 32; 51 Ark. 232.

FRAUENTHAL, J., (after stating the facts.) 1. Before considering the questions involving the rights upon the one hand and the liabilities of the parties on the other hand, in this case, we will determine the objection urged by the appellants to the pleadings. It is contended that the claim or right of action growing out of the liabilities accruing upon the alleged breach of the supersedeas bond is not assignable, and that therefore the said Kaufman, who was the obligee in said bond, was a proper party to this suit. The appellants in the court below did not file a demurrer on the ground that there was a defect of parties, but only filed a general demurrer. A general demurrer does not reach the defect of the want of proper parties. *Eagle* v. *Beard,*

33 Ark. 497; *Chrisman* v. *Jones,* 34 Ark. 73; *Less* v. *English,*
75 Ark. 288. But, furthermore, in this case Kaufman was actu-
ally made a party to the suit. In the complaint he was specifi-
cally named as a party defendant, and in their cross-complaint
the appellants asked that process issue for him and asked for
affirmative relief against him. While no process was issued for
him, he did file an answer, and thus did enter his appearance in
the case, and thereby was made a party thereto as effectively as
if he had been duly served with process of summons. And,
even though it should be considered that the claim sued on was
not assignable so as to conclude the rights of Kaufman, and on
that account he was a proper party, this defect was remedied
by thus making him a party after the action was begun. And
the court did not abuse its discretion by permitting him to enter
his appearance and file his pleading in the case. *Boles* v.
*Jessup,* 57 Ark. 469. If he was a necessary party, he thus
actually became a party to the suit; and any claim or right that
he may have in the cause of action is concluded by the decree
of the court, against which, therefore, the appellants are thus
fully protected.

But it is urged further by appellants that Kaufman had at
one time instituted suit upon this claim, and thereafter did suf-
fer a nonsuit; that his answer in this case was not filed, and his
entry of appearance in the cause was not made, until more than
one year after said order of nonsuit; that any right of action on
the claim was therefore barred as to him; and that on this ac-
count he could not be made a party, and the cause of action
must fail. But the statute (Kirby's Digest, § 5083) which tolls
the statute of limitation for one year where the plaintiff suf-
fers a nonsuit does not narrow the period of limitation in which
an action may be brought upon a claim which is not otherwise
barred by the general statute of limitation applicable to such
claim. This provision of the statute only applies to those causes
of action which, under the general statute of limitation applica-
ble to such cause of action, would otherwise be barred before
the running of one year from the time of taking such nonsuit.
The statute, instead of shortening the period of limitation, really
extends the period provided by the genral statute of limitation
applicable to the cause of action.

It follows, therefore, that any right or interest that Kauf-

man may have had in the claim sued on was not barred at the time of the filing of his answer in this case. It follows also from this that the further contention made by appellants that the claim sued on was not assigned or transferred by Kaufman to the appellee, Cahn, cannot be sustained. For Kaufman is a party to this suit, and is concluded by the decree. If the appellants owe the claim sued on, they cannot be injuriously affected by the decree which finds that Cahn, and not Kaufman, is the true owner thereof.

But we are further of the opinion that Kaufman did transfer and assign this claim to appellee prior to the institution of this suit, and that he had not disposed of it prior to said assignment. Kaufman had been conducting a mercantile business at Coriola, Arkansas, and the claim herein sued on grew out of that business. He transferred to appellee by written instrument all assets and claims of that business and all "rights of action" in the State of Arkansas owned by him, and also conveyed to appellee the lands from which these rents issued. In his answer he stated, and in his deposition he testified, that he had transferred and assigned the claim herein sued on to appellee. By this transfer Cahn became the equitable assignee of this claim. By section 5999 of Kirby's Digest it is provided that actions shall be brought in the name of the real party in interest; and under that statute we are of the opinion that appellee had a right to sue in his own name for the enforcement of this claim. *Hartman* v. *Franks*, 36 Ark. 501; *Caldwell* v. *Meshew*, 44 Ark. 564; *Lanigan* v. *North*, 69 Ark. 62; *Maloney* v. *State*, 91 Ark. 485; 4 Cyc. 97.

2. It is contended by the appellants that Love was in effect a tenant of Kaufman for all the years he had possession of the land after 1901, and that Kaufman was not therefore kept out of the rents thereof for those years. They base this contention on that portion of the decree which provided that Love should retain possession of the land until January 1, 1902, and should remain in possession of the land during 1901 as tenant of Kaufman; and that his possession of the land after 1901 was that of a tenant of Kaufman holding over. But this provision of the order of the court was only made for properly securing to Love the possession of the land and postponing the possession of Kaufman. Instead of making Love give a bond for the

payment of the use and occupation of the land, or of appointing a receiver of the land, the court permitted Love to retain its possession, and provided a character of lien for the security of the payment for its use and occupation. There was no relation of landlord and tenant created by this order between these parties. They did not make any agreement to that effect. To create the relation of landlord and tenant, there must be a valid contract between the parties. There must be both a privity of estate and contract before that relation can arise, so as to justify the recovery of rents, on the one hand, or the presumption, on the other hand, that the possession is subordinate to and the actual possession of the party having the legal title. 24 Cyc. 877; *Tucker* v. *Byers,* 57 Ark. 215. .

This order of court was not a contract, either express or implied, between the parties, and it did not create the relation of landlord and tenant between them, so that it can be said that the posession of Love was the possession of Kaufman subsequent to January 1, 1902. The chancery court found that Love refused to surrender the possession of the land after that date and held in opposition to the rights and claim of Kaufman; and we think that there is sufficient evidence to sustain that finding. We are of opinion therefore that Kaufman was not in possession of said land through Love as his tenant, but was kept out of the possession and rents of the land.

3. And we are of the opinion that Kaufman was kept out of said rents by reason of said appeal. By the execution of said supersedeas bond the appellants contracted "to pay all rents or damages to the property during the pendency of the appeal, of which the appellee is kept out of possession by the appeal."

The liability incurred by the execution of the bond is fixed by the legal import of its terms, and these should be construed according to the ordinary and reasonable meaning of the language employed. 1 Enc. Pl. & Pr. 1015; 5 Cyc. 752.

The bond should not be held to cover a liability occurring before its execution unless its terms make provision to that effect. But in this case the bond expressly provides for the payment of "all rents of which the appellee is kept out of by reason of the appeal." By virtue of the appeal having been taken to the Supreme Court the case was wholly and absolutely removed to that court. Upon the execution of the supersedeas

bond and the issuance of the supersedeas all the proceedings in the chancery court were wholly suspended and stayed. Elliott on Appellate Procedure, § 541; 2 Cyc. 908; *Harrison* v. *Trader,* 29 Ark. 85; *Miller* v. *Nuckolls,* 76 Ark. 485.

While the supersedeas does not annul or vacate the judgment or decree appealed from, it does prevent the further taking of any step thereunder, and leaves the matters in the condition in which they were when the supersedeas took effect and until the questions involved in the appeal are finally disposed of by the appellate court. 20 Cyc. 1240.

The supersedeas stayed the enforcement of the right of Kaufman to the possession of the land, and it also stayed the enforcement of the recovery for its use and occupation. Under the evidence and finding of the chancellor Love had the possession of the land for the year of 1902, and kept Kaufman out of rents thereof for that year. Kaufman could thereafter have instituted suit or taken legal steps to have recovered for the use or rent of the land for that year. But on May 4, 1903, the supersedeas bond was executed and the supersedeas issued, and Kaufman was thereby stayed from the enforcement of a recovery for the use or rent for that year. It will not do to say that he could have attempted to collect the amount for the use or rent of the land before' that date; he had a right also to do this after that date, and he was kept from doing this after that date by reason of the appeal and supersedeas.

Giving to the terms of the bond their full and reasonable effect, it covered the rent of the land for 1902. *Wilson* v. *King,* 59 Ark. 32; *United States Fidelity & Guaranty Co.* v. *Fultz,* 76 Ark. 410; 2 Cyc. 909.

The liability under the bond continued only until the cause was determined and disposed of by the appellate court. 20 Enc. P. & P. 1245; 2 Cyc. 909; Elliott on Appellate Procedure, § 394.

It follows therefore that the appellants were also liable under said bond for the rents of the land for the year of 1903 and until March 7, 1904, when the said appeal was finally disposed of by the Supreme Court. The chancellor found that no damage accrued by reason of the failure to rent the land from January 1, 1904, to March, 1904, when said appeal was disposed of. The property consists of farm land that is rented, not by

the month, but by the year, and probably under the evidence it could have been as readily rented in March for said year as in January. At least, there is no evidence showing any damage on this account, and we cannot say that the finding of the chancellor in this respect is erroneous. There is no evidence showing that any waste was committed on the land during the pendency of the appeal. Any alleged waste may under the testimony have been done after March, 1904, and after the liability under the bond had ceased. This was the finding of the chancellor; and in this conclusion we find no error.

After a full examination of the pleadings and testimony in this case, we do not find that the chancellor has made any error either in the findings of fact made by him or in the conclusions of law at which he arrived.

The decree is accordingly affirmed.