J. H. ASKEW & COMPANY *v*. LINDSEY.

Opinion delivered January 17, 1927.

LANDLORD AND TENANT—WHEN RELATION DOES NOT EXIST.—To justify the recovery of rents and the enforcement of a lien therefor, the relation of landlord and tenant must exist, and that relation depends upon contract, express or implied; but there is no implied promise on the part of a judgment debtor, whose land has been sold under execution, to hold as tenant of the purchaser.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*Wade Kitchens,* for appellant.

*W. D. McKay,* for appellee.

Wood, J. On October 16, 1924, J. H. Askew & Company had a summons and attachment issued out of a justice court against Sam Lindsey and Mrs. J. D. Moore. The writ of attachment commanded the constable to attach and safely keep the crop of Sam Lindsey and Mrs. Moore, produced on the farm of the plaintiff, J. H. Askew & Company, in Columbia County, during the year 1924, to satisfy the debt of the defendants to the plaintiff in the sum of $100 for rent for the year 1924. The summons directed the defendant to appear on October 30, 1924, to answer the claim of the plaintiff. The plaintiff filed its complaint before the justice court on the 30th of October, 1924, alleging that the defendants were indebted to the plaintiff in the sum of $100 rent for land during the year 1924, and that the plaintiff had a lien on the crop produced on the land for payment of such rent. The trial before the justice court resulted in a judgment in favor of the defendant. There was a trial before a jury in the circuit court, and the following facts were developed from the testimony.

On the 11th of June, 1924, the chancery court entered a decree foreclosing a deed of trust executed by J. D. Bryan and wife on certain land in Columbia County, Arkansas, and directed the lands be sold on July 19, 1924. The lands were sold by the commissioner on that date, and were purchased by the appellant. The commissioner executed his deed to the appellant and made his report of the sale to the court on October 27, 1924. The report was approved and the deed confirmed and approved on that day.

The appellee, Lindsey, rented the land from J. D. Bryan prior to Christmas, 1923, for the year 1924, and made a crop on the land that year. The appellee was present at the sale of the land on July 19, 1924. J. E. Askew testified that he informed the appellee on the day of the sale that the appellant had bought the land and would expect the appellee to pay him rent for the year 1924, the rent paid to be a third of the corn and a fourth of the cotton produced on the land, a customary rent in

that section of the country. The appellee, in his testimony, denied that appellant had notified him that he would be expected to pay the rent to appellant. He testified that he was at the sale, but did not talk with Askew. He paid the rent for the year 1924 to Mrs. J. D. Bryan, from whom he rented the land and with whom he renewed the contract, after Bryan's death, for the rent of the land. He was informed that Askew had bought the land, but witness did not know whether he had bought it or not. Mrs. Bryan was living on the land, and witness moved into the house with her. The crop which had been attached by the appellants was raised on the place. At the close of the above testimony the appellant moved the court for a peremptory instruction, which the court refused. The appellee moved for a peremptory instruction, which was granted. The jury returned a verdict as directed in favor of the appellee. From a judgment in favor of the appellee is this appeal.

The court ruled correctly in directing a verdict in favor of the appellee, because the undisputed testimony shows that the relation of landlord and tenant did not exist between the appellant and the appellee for the year 1924. There was no contract between the appellant and the appellee for the rent of the land which the appellant claims for the year 1924.

In *Tucker v. Byers,* 57 Ark. 215, it is said: "To justify the recovery of rents, the relation of landlord and tenant must exist, and that relation depends upon contract, express or implied. But there is no implied promise on the part of a judgment debtor, whose land has been sold under execution, to hold as a tenant of the purchaser." See also *Love* v. *Cohn,* 93 Ark. 215.

The judgment in favor of the appellee is therefore correct, and it is affirmed.