Robinson *v.* City of Pine Bluff.

5-594                                              276 S. W. 2d 419

Opinion delivered March 14, 1955.

[Rehearing denied April 11, 1955.]

*John Harris Jones,* for appellant.

*Lawrence Blackwell; House, Moses & Holmes; Coleman, Gantt & Ramsey* and *Bridges & Young,* for appellee.

Robinson, J. The City of Pine Bluff entered into a contract with Lancaster & Love, contractors, for the construction of a sanitary sewer. Later the City and Lancaster & Love entered into a supplemental contract for additional work. Appellants George J. Robinson, Jr., and Lee A. Robinson, doing business as Robinson Construction Company, entered into a subcontract with Lancaster & Love, whereby for the consideration of $52,-792.00 the Robinsons were to construct that portion of the project provided for in the supplemental contract between the City and Lancaster & Love.

The Robinsons brought this action to recover an alleged balance due of $30,208.02 on their subcontract; and $791.00 for work additional to the contract. They also allege the right to recover on a *quantum meruit* basis, and in addition seek a declaratory judgment on other points. The City of Pine Bluff, Trinity Universal Insurance Company, makers of the statutory bond for Lancaster & Love, and the Simmons National Bank, depository of the fund for construction of the sewer project, were all made party defendants. Later the Robinsons filed amendments to the complaint, and the National Bank of Commerce of Pine Bluff was brought into the case as another depository of the fund.

The defendants City of Pine Bluff and the two banks demurred to the complaint and the amendments thereto. The City demurred on the grounds that there is a defect of parties and that the complaint and amendments do not state a cause of action. Both banks demurred on the ground that neither the complaint nor the amendments state a cause of action as to them. The Chancellor sustained the demurrers and the Robinsons have appealed. Lancaster & Love are not parties to the action, and the Trinity Universal Insurance Company, makers of the bond for Lancaster & Love, although a party defendant, is not a party to this appeal.

The Robinsons contend that the complaint states a cause of action against the City on an alleged assignment executed by Lancaster & Love in favor of the Robinsons and accepted as an assignment by the City; that the complaint states a cause of action against the City on a *quantum meruit* basis; and also that the complaint and amendments thereto state a cause of action against the banks on the theory that the fund in question is in fact a trust fund and is being depleted to the prejudice of the plaintiff.

First, as to the assignment, it is alleged that the subcontract was made December 19, 1951; that under the terms of this agreement the Robinsons were to be paid $52,792.00; that only a portion of this sum has been paid,

and that there is a balance due of $30,208.02; that the Robinsons have fully performed their part of the contract; that according to the terms of the contract between the City and the prime contractor, the work done by the Robinsons was to be paid for on monthly estimates. The complaint also alleges that the prime contractor, according to the terms of the subcontract, was to pay the Robinsons for their work monthly; that the prime contractors, Lancaster & Love, executed and delivered to the Robinsons an assignment authorizing the City to pay to the Robinsons the monthly estimates on the subcontract in the event the prime contractor failed in that respect; that the prime contractor did fail to make the monthly payments and consequently the subcontractor delivered the alleged assignment to the City. The complaint alleges that the assignment was delivered to and accepted by the City on April 11, 1952, and that subsequently several payments were made pursuant to such assignment. The alleged assignment is in the form of a letter from Lancaster & Love to the Robinsons and is as follows:

"As per agreement entered into by and between us on the 28 day of December, 1951, upon issue of a check from the City of Pine Bluff, the writer or its agent will simultaneously and immediately deliver a check in payment of the amount due under your contract above mentioned.

"In the event the above mentioned conditions are not complied with, this is your authority to deliver this letter to the Sewer Commission so that you may have an assignment of all checks or funds to be paid under this contract, so that you may secure your money in accordance with the terms of the contract heretofore entered into."

The first question is, do the allegations in the complaint with reference to the above-mentioned letter constitute an allegation of an assignment that is good as against a demurrer?

"An assignment is an expression of intention by assignor that his rights shall pass to assignee." *Brewer* v. *Harris,* 147 Kan. 197, 75 P. 2d 287, 4 Words & Phrases 493.

The definition of an assignment "is the setting over, or transferring, the interest a man hath in anything to another." *Edison, et al.* v. *Frazier,* 9 Ark. 219.

Ark. Stats., § 68-801, provides: "All bonds, bills, notes, agreements and contracts, in writing, for the payment of money or property, or for both money and property, shall be assignable."

To constitute an assignment, no particular words are necessary. In *City National Bank* v. *Friedman,* 187 Ark. 854, 62 S. W. 2d 28, the Court quoted from *Moore & Moore* v. *Robinson,* 35 Ark. 293, 297, as follows: "To constitute an assignment of a debt, or other chose in action, in equity, no particular form is necessary, and it may be by parol. Judge STORY says: 'If A having a debt due to him from B, should order it to be paid to C, the order would amount in equity to an assignment of the debt, and would be enforced in equity, although the debtor had not assented thereto. The same principle would apply in the case of an assignment of a part of such debts. In each case a trust would be created in favor of the equitable assignee on the fund, and would constitute an equitable lien upon it.' " The Court further quoted from the *Moore* case: "Where draft or order is drawn in favor of a third person for the whole of a particular fund or debt, it will operate as an equitable assignment . . . and, after notice of such is communicated to the drawee, it will bind the debt in his hands." The Court further said: "Here it is undisputed that the orders were filed with the secretary of the commission, and this served to give it notice of the assignment of the refund to Friedman, whether the individual commissioners were actually informed of this or not. The only reason for giving any notice of an assignment of a debt to the debtor is to direct him to whom it

should be paid and thus protect him from any subsequent claims by the assignor."

In the case at bar the letter from Lancaster & Love to the Robinsons made it plain that they had reached an agreement that Lancaster & Love, upon receipt of payment from the City for the work done by the Robinsons, would immediately deliver a check in payment of such amount to the Robinsons; and if Lancaster & Love failed in that respect, the Robinsons were authorized to deliver the letter "to the Sewer Commission so that you may have an assignment of all checks or funds to be paid under this contract." It is alleged that Lancaster & Love failed to pay the Robinsons in accordance with the agreement, and as a consequence thereof the letter was delivered to the City and accepted by the City as an assignment, and payments made thereunder. Although it does not appear that the debtor must accept an assignment before it is binding, here it is alleged that the City did accept the document as an assignment. We have arrived at the conclusion that the complaint states a cause of action against the City on the alleged assignment.

In view of the fact that we are holding that the complaint states a cause of action on the assignment growing out of the contract, we do not reach the point of whether a cause of action is stated on a *quantum meruit* basis. There is no indication here that the contract between the City and Lancaster & Love is invalid, as was the case in *Burt* v. *Road Improvement District No. 11,* 159 Ark. 275, 253 S. W. 1.

The next point is whether the complaint is demurrable because of a defect of parties. Appellee says the failure on the part of appellant to make the prime contractors, Lancaster & Love, a party to the suit is fatal. On this point, to uphold the court's action in sustaining the demurrer, appellee cites *Simpson, et al.* v. *J. W. Black Lumber Co.,* 114 Ark. 464, 172 S. W. 883; *Cruce* v. *Mitchell,* 122 Ark. 141, 182 S. W. 530; and *Peoples Bldg. & Loan Assoc.* v. *Leslie Lumber Co.,* 183 Ark. 800, 38 S. W.

2d 759. These cases are not controlling on the point involved here. In *Peoples Bldg. & Loan Assoc.* v. *Leslie Lumber Co.* the court, in speaking of the *Simpson* and *Cruce* cases, said: "In the first case the court held that the contractor was a necessary party and should have been made co-defendant with the owners, because the owners would know nothing about what amount of materials had been furnished nor how much material had gone into the improvements, and therefore he was a necessary party, both for his own and the owners' protection. . . . This court, therefore, is committed to the doctrine that in suits to foreclose mechanic's liens the contractor is a necessary party." The suit here against the City of Pine Bluff is on an assignment and not on a materialman's lien. It is entirely possible, however, that the City may have some discount or set-off as against the prime contractor previous to the assignment. If so, it would have a right to assert such claim as a defense to the suit on the assignment. Ark. Stat., § 68-803.

In *Caldwell* v. *Meshew, et al.*, 44 Ark. 564, the court said: "But certainly in equity the assignee of choses in action must be permitted to enforce his rights in his own name." Once determined that the complaint states a cause of action on the theory of an assignment, it follows that the allegations are sufficient to state a cause of action in the Robinsons since they are the alleged assignees—the real parties in interest—and have the right to sue in their own name. *Love* v. *Cahn*, 93 Ark. 215, 124 S. W. 259; *Chapman and Dewey Land Co.* v. *Wilson*, 91 Ark. 30, 120 S. W. 391. Ark. Stat., § 27-801 provides that every action must be prosecuted in the name of the real party in interest, with certain exceptions not applicable here.

The banks demurred on the ground that the complaint does not allege a cause of action as against them. In that respect the complaint alleges:

"That said funds were allocated by the City Council of the City of Pine Bluff for construction of said sanitary sewer system and placed in a Sewer Construction

Fund, and under § 10 of Act 132 of 1933 (Ark. Stats. 19-4110) such funds 'shall be held by the municipality in trust for the performance of the purposes specified, and none other.' Under said Act 132 of 1933 (Ark. Stats. 19-4101 to 19-4122) under which said City of Pine Bluff was authorized to issue, and did issue, revenue bonds to pay for construction, equipment and maintenance of said sanitary sewer system, only those funds derived from such revenue bonds or revenues from such works may be used for payment for such construction, it being expressly provided in said statute that 'No obligation shall be incurred by the municipality in such construction or acquisition except such as is payable solely from the funds provided under the authority of this act.' (Section 1, Act 132 of 1933). That the aforementioned Sewer Construction fund now held by the City of Pine Bluff constitutes a trust fund for the payment of the sum owing plaintiffs for sewer construction work performed by plaintiffs as hereinabove set forth, and plaintiffs are the equitable owners of such portion of said trust fund as shall be required to pay said debt, interest and costs of this action. Of such trust fund the court should impound a sufficient amount to pay said debt, interest and costs.

"That despite the debt owed to plaintiffs, defendant City of Pine Bluff is rapidly expending said Sewer Construction fund without making provision for payment to plaintiffs; that said Sewer Construction fund is in danger of being lost or materially injured and depleted. That a receiver should be appointed pending the disposition of this cause to take charge of such portion of said Sewer Construction fund as shall be sufficient to pay said debt, interest and costs to plaintiffs.

"Plaintiffs have no adequate remedy at law."

In the first place the complaint alleges that the Robinsons have performed their contract fully; that the only money from which the City can pay them for their work is in the possession of the banks; that it is being rapidly expended without making provision for payment

to the plaintiffs for. the work they have done; and asks that a receiver be appointed to take charge of said funds in a sufficient amount to pay the Robinsons' claim. A mere impounding of the fund would avoid the necessity of incurring expense for receiver's fees, bond, etc. The Robinsons do not seek a judgment against the banks; they merely ask that an amount sufficient to pay their claim be held intact until such time as the court can pass upon the merits of the case.

In 26 C. J. S. 958 it is said: "If a party to a cause is in possession of a fund to which there are conflicting claims, and it appears to the court that the fund is in danger of loss or depletion, or that the rights of the parties in interest may be endangered if the fund is allowed to remain in possession of the party holding it, that party may be compelled to pay the fund into court to abide its further order." Cited in support of the text is *Graysonia, N. & A. Railroad Co.* v. *Newberger Cotton Co.*, 170 Ark. 1039, 282 S. W. 975.

When the facts are presented at the trial, it may develop that the fund should be released; but be that as it may, the complaint states a cause of action for impounding the fund and is good as against the demurrers of the banks.

It appears that all of the points on which appellants seek a declaratory judgment would necessarily be decided in the trial of the issues that will be joined when appellees answer.

Reversed with directions to overrule the demurrers.