Ron KELLER, Appellant,

v.

BASS PRO SHOPS, INC., Appellee.

No. 93–1367.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Feb. 2, 1994.

Oscar Stilley, Fort Smith, AR, argued, for appellant.

Mark A. Moll, Fort Smith, AR, argued, for appellee.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BOWMAN, Circuit Judge.

Ronald C. Keller ("Keller") appeals a grant of summary judgment by the District Court[1] in favor of Bass Pro Shops, Inc. ("Bass Pro"), and the denial of his cross-motion for summary judgment. We affirm, although our affirmance is on grounds different from those relied upon by the District Court.

Keller filed this action in state court, seeking a declaratory judgment that the patent assignment he made to Bass Pro in August 1989 was void for lack of consideration. Bass Pro removed the action to federal court on the basis of diversity jurisdiction and federal question jurisdiction.[2] Keller contended that Bass Pro, for whom Keller's company Sports Products manufactured lures almost exclusively, gave no valuable consideration in exchange for the assignment of a patent on the process for making the Tornado lure.[3] The court determined that even Keller's version of the facts showed Keller received consideration for the assignment in the form of the expectation of continued lure purchases by Bass Pro from Keller's company. Summary judgment therefore was entered in favor of Bass Pro. Because we affirm the judgment on other grounds, we need not consider whether the expectation of future business constituted consideration for the assignment.

Keller and his brother, through their company Kel–Lure, developed the process for making the Tornado lure with Richard Bleam, a Bass Pro employee, at Bass Pro's request, and began selling the Tornado lures to Bass Pro in 1988. In late 1988 Kel–Lure sold all of its assets at auction. The assets were purchased by the Kellers, and the new corporation called Sports Products began where Kel–Lure left off. On August 8, 1989, just before Sports Products was moved to Costa Rica and reincorporated as Productos Deportivos, Keller, his brother, and Bleam assigned Bass Pro their patent rights to the Tornado lure. The assignment is evidenced by a written instrument, *see* Appendix at

1. The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1988 & Supp. IV 1992).

2. Magistrate Judge Stites ruled that there was no federal question jurisdiction but that the parties were diverse. Since federal subject matter jurisdiction is established on the basis of diversity of citizenship, *see* 28 U.S.C. § 1332 (1988), we have no occasion to consider whether the Magistrate Judge was correct in finding a lack of federal question jurisdiction in this case involving the validity of the assignment of a patent.

3. Keller originally claimed the assignment was procured under duress. Magistrate Judge Stites rejected this claim as a matter of law. Keller abandons the duress argument on appeal.

143–45, that fully complies with the requirements of 35 U.S.C. § 261 (1988), which is the statute governing the validity of patent assignments. It appears to have been contemplated (although it is nowhere mentioned in the written instrument) that Keller's company would continue to manufacture the Tornado lure for purchase by Bass Pro. To Keller's surprise, however, he did not become a shareholder in the new entity Productos Deportivos, from which Bass Pro continued to purchase Tornado lures. In the summer of 1990, Keller severed his employment with Productos Deportivos. Keller claims he was forced out of the company by his brother and thus did not share in any profits from the company's continuing sales to Bass Pro of the Tornado and other lures.

On appeal, Keller contends that the District Court erred in determining that Bass Pro gave valuable consideration for the assignment of his patent rights. Without reaching that issue, we affirm on the ground that Keller cannot challenge the validity of the completed assignment for lack of consideration because consideration is recited in the written instrument of assignment, and, alternatively, that the assignment was an irrevocable, voluntary transfer of the patent, not requiring consideration.

We review the District Court's grant of summary judgment de novo. Fed.R.Civ.P. 56(c); *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992). Having studied the record, we conclude there is no dispute as to any material fact; thus, the remaining question is whether Bass Pro is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

We conclude that Keller is estopped from challenging the assignment on the basis of lack of consideration because consideration is recited in the written instrument of assignment.[4] Under Arkansas law, the recitation of consideration estops the grantor of a deed from claiming that it was executed without consideration. *Hayes v. Sanger*, 218 Ark. 716, 239 S.W.2d 22, 25 (1951). The purpose of such recitations is precisely to estop parties to the transaction from claiming that no consideration was received. *Id.*[5] We believe the Arkansas Supreme Court would extend the rule in *Hayes* to the present case involving the assignment of a patent. *Cf. Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co.*, 266 U.S. 342, 348–49, 45 S.Ct. 117, 119, 69 L.Ed. 316 (1924).[6] We therefore conclude that Keller is estopped from claiming lack of consideration as a ground for setting aside the assignment. Accordingly, the decision of the District Court must be affirmed.

In the alternative, we affirm the District Court on the ground that the patent assignment was a completed voluntary conveyance and that it therefore is not subject to attack for lack of consideration.[7] "An assignment of a chose in action is valid after delivery even though made without consideration." *Nebco & Assocs. v. United States*, 23 Cl.Ct. 635, 645 (Ct.Cl.1991), citing Restate-

---

**4.** The assignment recites that it is made for "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." Appendix at 143.

**5.** The recitation clause does not bar the use of parol evidence to show that the deed was procured by fraudulent means. *Hayes v. Sanger*, 218 Ark. 716, 239 S.W.2d 22, 25 (1951).

**6.** In *Westinghouse Electric & Manufacturing Co. v. Formica Insulation Co.*, 266 U.S. 342, 348–49, 45 S.Ct. 117, 119, 69 L.Ed. 316 (1924), the Court explains that the purpose of a patent "is to furnish written and recorded evidence of title and to protect the purchaser of the title ... It was manifestly intended by Congress to surround the conveyance of patent property with safeguards resembling those usually attaching to that of land." *Id.* at 349, 45 S.Ct. at 119. The Court stated, "there seems to be no reason why the principles of estoppel by deed should not apply to assignment of a patent right in accordance with the statute." *Id.*

**7.** In *McCuiston v. Rollman*, 243 Ark. 668, 420 S.W.2d 925, 928 (1967), the Arkansas Supreme Court held that in the absence of fraud, where the deed was a present grant and recited consideration of "one dollar and other valuable consideration to us in hand paid," though no money changed hands, the deed could not be set aside for lack of consideration. The court explained that no consideration was necessary for an effective present grant of the grantor's interest in the property.

 

ment (Second) of Contracts § 332(1) cmt. b (1981). A voluntary, written assignment of a chose in action is irrevocable once the instrument is signed and delivered; consequently, it cannot later be set aside by the assignor for lack of consideration. *See Nebco,* 23 Cl. Ct. at 645. Patents are choses in action. Restatement (Second) of Contracts § 316 cmt. a (1981); *see Brown on Personal Property* § 1.7, at 11 (3d ed. 1975) ("[b]ank accounts, debts generally, corporate stock, patents and copyrights are common instances of this class of [intangible] property"). Thus, an effective voluntary assignment of a patent need not be supported by consideration.

We already have noted that the assignment in the present case fully complies with the governing federal statute. Keller makes no contention to the contrary. To the extent that state law may bear on the effect of an assignment that is valid as a matter of federal law—a question we need not and do not decide—we observe that under Arkansas law the elements of an effective assignment are delivery of the subject matter with intent to make an immediate and complete transfer of all right, title, and interest from the assignor to the assignee. *See Turner v. Rust,* 228 Ark. 528, 309 S.W.2d 731, 735 (1958) (legal title to patent rights and license agreements assigned); *Robinson v. City of Pine Bluff,* 224 Ark. 791, 276 S.W.2d 419, 421 (1955) (no particular language required, merely an intent to transfer one's interest to another must be expressed); *Jones v. Innkeepers, Inc.,* 12 Ark.App. 364, 676 S.W.2d 761, 766 (1984) (delivery is an essential element of valid deed of assignment). Keller's assignment to Bass Pro satisfies these requirements: the instrument is in writing; is signed by the assignor Keller; was delivered to the assignee Bass Pro; and includes a recital that clearly shows the intent to make an immediate and complete transfer of Keller's patent rights.[8] The instrument recites that the assignors have received valuable and sufficient consideration, *see supra* note 4; it

does not reflect that Keller expected any future performance by Bass Pro in return for the assignment, nor does it reflect that Bass Pro promised anything in the way of future performance.[9] In these circumstances, the assignment is irrevocable and cannot be set aside for lack of consideration.

The judgment of the District Court is affirmed.

8. The instrument provides that the assignors "by these presents do sell, assign and transfer unto said Bass Pro Shops, Inc. the full and exclusive right, title and interest, throughout the world," to the patent on the Tornado lure. Appendix at 143.

9. Even if Keller expected (and was entitled to) future performance, that future performance would not be a condition of the assignment so as to render it void in the event of nonperformance. Failure to perform would simply give rise to an action for breach.