The affidavit on which the order of sequestration was awarded is defective, in not stating positively the existence of facts on which the application was grounded, or, if only matter of belief, the grounds of the belief, that the court might judge whether it was a rational and well-founded belief, or an idle and vain one; and, did this case stand on the bill alone, I think the sequestration should be taken off. But I am of opinion that sufficient appears from defendant's answer to support it.
By this I would not be understood to mean that a bill, deficient inmatter, can be aided by the defendant's answer or by proofs in the cause; but where sufficient matter is stated, but insufficiently verified, the want of sufficient verification may be supplied by proofs or admissions.
(364) In this case, taking bill and answer together, it is admitted that the plaintiffs, and those under whom they claim, have been in possession of the slave for fourteen years, claiming title; that, by seduction or some other clandestine means, the defendant lately obtained possession of them; that he was lately in prison, for want of bail, in the action at law brought for the slave, and that he has since given bail. The defendant also says that he is in possession of the slave, claiming title as administrator of his father; but the nature of the title he does not state, nor account for his long want of possession. In the action of waste, the law gave the writ of estrepement, to prevent waste, pending the action. An action on the case is now most generally brought for waste, and chancery interposes to prevent waste, because of the estrepement in the common-law courts. In the case of a taking, the common-law courts give the action of replevin, which was, at the commencement of the proceeding, now under consideration, and, indeed, yet is, almost out of use here, as the action of waste is in England. By replevin the plaintiff was restored to the possession of the goods before trial. The same principle which induces the chancery in England to interfere in the case of waste applies here with all its force in cases of property in slaves, at least where there has been a taking by seduction or clandestine means; for such a taking, I have no doubt, will support an action of replevin; for the nature of the property is such that possession may be lost by the most vigilant owner, without there being an actual taking or the commission of a trespass.
As to the objection that courts of equity will not interfere but in cases of equitable demands, that is the case where money, not property, is the subject of the controversy. In money demands, the common law gives no other security than bail. It would *Page 193 
overleap the intention of the framers of the common law for the courts of equity to go further. Not so where property is the subject-matter; then the court of equity will interfere (365) in particular cases. This, I think, is one of those cases where it will, for the reasons before given.