Pjcabson, O. J.
 

 As this is a
 
 specie$
 
 injunction and sequestration, the plaintiffs ought to have been allowed to read affidavits in support of their bill;
 
 Swindall
 
 v. Bradley, 3 Jones’ Eq. 354.
 

 The effect of the error, however, is cured, because at the hearing in this Court, the plaintiffs were allowed to read all
 
 *360
 
 the affidavits, and thus the matter was presented upon its merits.
 

 To induce a court of equity to disturb a tenant for life in the enjojunent of the property, by having it sequestered, so as to compel security to be given for its forthcoming at the instance of the remainderman, it is necessary for him to allege and prove facts and circumstances, showing reasonable ground to apprehend that the tenant for life intends to commit a fraud, and defeat the ulterior estate by destroying the property, or removing it to parts unknown ;
 
 Swindall
 
 v.
 
 Bradley
 
 supra, and the cases there cited.
 

 The allegation of the plaintiffs is: “The defendant has threatened that she will sell the slaves to some person, who will conve3r them beyond the limits of this State, and has endeavored, and is now endeavoring to do so, and has repeatedly declared that your orators and oratrixes, shall never have any benefit of the said slaves.” This allegation is denied by the defendant positively, and without any sort of evasion. In regard to the negro woman Ell, she says,
 
 “
 
 finding her unruty, and being unable to manage her, she has been compelled to hire her out, and took the advice of a lawyer, whether she had a right to sell the slave or her interest in her, and invest the proceeds in another negro, to be held for the benefit of her children, mentioned in the bill, and being advised that she could not sell and convey the absolute title to said slave, lias refused, and still refuses, to convey' any interest whatever.” The affidavits read b3r the plaintiffs do not support their allegation.
 

 It seems, from the averments in the bill, that the plaintiffs suppose they have a light to have slaves devided at the time, when the youngest daughter arrives at the age of twenty-one, although the defendant may then be living and unmarried. This is an entire misapprehension, and it was natural for the defendant to take offense at so unfounded a pretension on tiie part of her sous-in-lavT, evincing as it does, an
 
 itching palm
 
 and a
 
 hot haste
 
 to interfere with the slaves before her estate terminates, or their right attaches. Such conduct fur
 
 *361
 
 nishes a satisfactory explanation of the contents of the'affidavits.
 

 The decretal, order discharging the sequestration, is affirmed.
 

 Per Curiam, ' Decretal order affirmed.