LOUIS SCHEINMAN ET AL., RESPONDENTS, v. FANNIE BLOCH ET AL., APPELLANTS.

Submitted March 23, 1922—Decided June 7, 1922.

1. As between vendor and vendee of real estate, the encroachment by part of a dilapidated frame shed standing on the premises to be conveyed, over the property line to the extent of about four inches—*Held*, not a substantial defect in title.

2. In the absence of a special provision in the contract of sale, the existence of a front stoop or porch of a dwelling-house projecting over part of the sidewalk by virtue of lawful municipal authority and not extending beyond the limits defined by such authority, does not amount to a defect in, or encumbrance on, the title entitling a purchaser to refuse to complete his contract of purchase and recover back moneys paid on account.

3. If monuments called for in the description of land are inconsistent with the calls for courses and distances, it is a familiar rule that the courses and distances must yield to the monuments.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellants, *Frederick K. Hopkins.*

For the respondents, *Clarence Kelsey.*

The opinion of the court was delivered by

PARKER, J.    This is a suit by vendees of real estate who have rejected vendors' deed, to recover back purchase-money paid on account, with expenses of title search and survey under the statute of 1915 (*Pamph. L., p.* 316), on the ground that the title was defective. The case was tried before a Circuit Court judge without jury and judgment given the vendees, plaintiffs.

The defects in title relied on were that there were three encroachments of parts of buildings over the property lines described in the contract, as revealed by a survey whose accuracy, so far as it relates to measurements and location of structures, &c., does not seem to be questioned.

The first consisted of an alleged encroachment of a building on adjoining premises over what was claimed to be the southerly line of the premises in question. The second, of the projection of part of a one-story frame shed situate on the premises in question, over on premises in the rear; the third, that the front stoop, or steps, of the house on the premises sold extended over the street line a little short of three feet. The trial judge held that the second was in effect trifling and taken alone could be disregarded; and that the projection of the stoop into the street, being expressly permitted by the local ordinance and capable of alteration in case that permission should be revoked in the future, might also, standing by itself, be disregarded; but that the three encroachments taken together constituted a substantial defect for which the title could lawfully be rejected. So far as these findings are findings of fact, they are of course controlling on us if there is evidence to support them; but as to matters of law they are of course reviewable.

As to the second so-called encroachment, of what the trial judge described as an old and dilapidated frame shed and which he held would not, standing alone, constitute a substantial defect, we are in entire accord with his view. Its value is evidently nominal and common sense would seem to suggest that it be removed, or altered so as to be entirely

on the proper side of the line, which could no doubt be done at trifling expense. See *Doherty* v. *Egan Waste Co.*, 91 *N. J. Eq.* 400, 406.

With respect to the steps leading to the street, we also agree that they do not amount to a substantial defect. That they were at the time of the trial an entirely lawful structure seems to be plain from examination of the ordinance of Jersey City that was put in evidence. In fact, it is a matter of common knowledge that the custom of municipal governments, permitting abutting owners to obstruct a portion of the sidewalk by stoops, areaways, bay windows, cellar doors and the like, is so prevalent as to be in effect universal in this state, where the words "stoop line" have a well understood meaning. Primarily, such encroachments on the street are nuisances at common law. *Durant* v. *Palmer*, 29 *N. J. L.* 544; *Temperance Hall Association* v. *Giles*, 33 *Id.* 260, and other cases. But where, under statutory authority, as for example, in the case of Newark (*Domestic Telegraph·Co.* v. *Newark*, 49 *Id.* 344, 347), Jersey City as chartered (*Pamph. L.* 1871, p. 1107, ¶ 12), or municipalities generally (*Pamph. L.* 1917, p. 404 (*d*), they are licensed and authorized by the municipality, which represents the public, they necessarily become lawful structures, and so remain as long as the municipal license is legally in force. It suffices for present purposes to say that in the absence of some special provision in the contract of sale, the front stoop or porch of a dwelling-house projecting over part of the sidewalk by virtue of lawful municipal authority and not extending beyond the limits defined by such authority is not to be deemed as amounting to a defect in or encumbrance on the title such as will justify a purchaser in refusing to carry out his contract of purchase. Such is the rule apparently declared by the courts of New York, and we have never heard of the contrary view having been enunciated in this state. 39 *Cyc.* 1507, and cases cited.

Touching the "encroachment" first mentioned, we think the learned judge took an erroneous view of the legal effect of the contract. This encroachment consisted, as has been

stated, of the intrusion of part of a frame building built on premises adjoining to the south, to the extent of one and one-half inches over the southerly line run by the plaintiffs' surveyor and deemed by him to be the line of property intended to be conveyed. He had not seen the contract, but from other data ran a line which coincided with the southerly side of the house on the contracted premises, and when produced cut off the one and one-half inches just mentioned of the other building, which lapped the house to that extent. But an examination of the description in the contract shows that he selected the wrong monument for the location of this southerly line, at least in part. The premises are on the southwesterly corner of Summit avenue and Paterson street, a little over fifty feet on Summit avenue and about eighty-three feet on Paterson street. The contract described two adjoining tracts, one of about forty-nine and one-half feet by eighty-three feet on the corner, and the other a narrow strip of a few inches. This begins on Summit avenue evidently at the southeast corner of the first tract, runs westerly to the rear line "thence (2) southerly along the line of said lot 293, seven and one-half inches more or less *to a point which would be formed by a line running east and west parallel with the first course and Paterson street and along the northerly line of the frame building now upon said premises and known as No. 1067 Summit avenue*" (which is the lot to the south of the strip). This, it will be observed, adopts the northerly line of the building No. 1067 as the monument, and the intersection of its production with the rear line, as the end of the second course and beginning of the third. The third course then runs "easterly and along said line *and the northerly line of said frame building* eighty-three feet more or less" to Summit avenue, &c.

It seems quite plain, therefore, that the boundary contracted for is not a line cutting off one and one-half inches of the building No. 1067, but the northerly line of that building itself. The rule that fixed monuments control

courses and distances is, of course, elementary. *Opdycke* v. *Stephens,* 28 *N. J. L.* 83; *Curtis* v. *Aaronson,* 49 *Id.* 68.

We conclude, therefore, that as the first "encroachment" did not legally exist, and as neither of the two others was a substantial defect in the title, there was no legal basis shown for the vendees' refusal to carry out the contract, and consequently they were not entitled to recover. These views lead to a reversal of the judgment below; and as the findings of fact are before us with the ‹force of a special verdict, judgment for the defendants may be entered in this court, with costs. *Smith* v. *Ocean Castle,* 59 *N. J. L.* 198; *Sullivan* v. *Visconti,* 68 *Id.* 543, 551.