SYLVESTER HERRING et al., complainants,

*v.*

ANNA ESPOSITO, defendant.

[Submitted September 27th, 1922. Decided October 6th, 1922. Opinion filed February 20th, 1923.]

1. Where a contract for sale of land contains a clause by which the parties agree that the buildings are all within the boundary lines of the lot, and that there are no encroachments thereon, and a small encroachment does in fact exist, such clause cannot be disregarded, as this would amount to making a new contract between the parties, and a bill to specifically enforce the contract will be dismissed.

2. *Van Blarcom* v. *Hopkins, 63 N. J. Eq. 466,* and *Scheinman* v. *Bloch, 117 Atl. Rep. 389,* distinguished.

On bill, &c.

*Mr. Robert Carey* and *Mr. William L. Rae,* for the complainants.

*Mr. George J. McEwan,* for the defendant.

BENTLEY, V. C.

This is a bill by a vendor to compel the specific performance of a contract for the sale of a lot of land in the township of North Bergen, with the building thereon erected, for the sum of $14,500. The premises in question is an ordinary city lot twenty-five by one hundred feet, and stands upon a block in which the other lots are of the same dimensions, and all contain private dwelling-houses.

The defence interposed by the answer is that on the lot adjoining to the west there is a building that encroaches upon the premises in question to a small extent, with a counterclaim praying the return of the deposit made by the vendee.

One of the surveyors employed by the defendant describes the encroachment mentioned as running from two inches in the front to an inch and three-quarters in the rear; and the other surveyor for the defence testifies that such encroachment is two inches in the front, running down to one and five-eighths inches in the rear. The complainants produced two surveyors who testified that no encroachment exists on the premises in question; but I am convinced that there is an encroachment of approximately such as the defendant's witnesses describe. Counsel for the complainants does not argue very strongly that there was no encroachment, and I feel that, under the elementary rule, there is at least such a doubt created in my mind that I am obliged to find as a fact that an encroachment exists as described above.

This case cannot be brought under the familiar class of opinions where the quantity of land contracted to be conveyed does not exist in the ownership of the vendor and where decrees have been made compelling the vendee to take and allowing him an abatement. The reason this case presents, so far as I know, a novel question is, that the contract which is the basis of the suit contained a specific clause which reads as follows:

"It is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefor, *and that there are no encroachments thereon.*"

Counsel both say that they know of no case in which such a clause has been construed. The complainant argues that this language is of no more effect than would have been implied from the general covenants without it; but I am not prepared to accept that view, for the reason that it is the policy of our law to permit parties to make their own contracts so long as there is nothing antagonistic to the law or public policy. A court of equity, of course, would not permit a vendee to break his contract for some immaterial defect, or one that can be properly compensated against, *in the absence of express stipulation or agreement. Griggs* v. *Landis, 19 N. J. Eq. 350.* This, however, presents the

difficulty to compliance with the complainants' prayer, because the covenant against encroachments *was* expressly contained in the agreement. To disregard the clause of the contract quoted above would be to draw a new contract for the parties, upon which their minds have never met, and that is a policy that courts have universally refrained from acting upon.

I want to expressly point out that this case is entirely distinguishable from *Van Blarcom* v. *Hopkins, 63 N. J. Eq. 466; Scheinman* v. *Bloch, 117 Atl. Rep. 389,* and all other cases in which this specific clause is not contained.

I feel that under the often-stated rule the contract in this case cannot be properly read without the clause mentioned, and that the complainant is unable to perform his part of the agreement, and will, therefore, advise a decree dismissing the bill and directing the complainant to return to the defendant her deposit of one thousand dollars.