*95 N. J. Eq.* Pasternack *v.* Alter.

MAX PASTERNACK, SARAH PASTERNACK, his wife, WILLIAM PASTERNACK and JOSEPH FORTGANG, complainants,

*v.*

BENJAMIN ALTER and MAX STORCH, defendants.

[Decided March 11th, 1924.]

1. To justify a decree for specific performance of a contract to sell lands the vendor must tender a marketable title.

2. Where prior deeds to the land to be conveyed show defective descriptions, and a survey shows a small encroachment, the title to the premises is not marketable, and the agreement to purchase it will not be specifically enforced.

On bill for specific performance. On pleadings and proofs.

*Messrs. Ranzenhofer & Ranzenhofer,* for the complainants.

*Mr. Samuel Slaff* and *Messrs. Weinberger & Weinberger,* for the defendants.

LEWIS, V. C.

This is a bill for specific performance of an agreement to convey certain premises situated on the easterly side of Main avenue, in the city of Passaic, New Jersey, entered into between complainants, who were the vendors, and defendants, who were the vendees, on April 5th, 1923. Title was to pass under the contract on June 5th, 1923. It is undisputed that on the date fixed for the passing of title the vendors tendered a deed for the premises, but the vendees refused to accept the same. Defendants set up, in justification of their refusal to perform, certain alleged defects in the title, viz.: (1) That a prior deed in the chain of title was not properly acknowledged; (2) that the description in a prior deed located the property on the westerly side of Main avenue, in-

stead of on the easterly side, and (3) that there was an encroachment on the premises of about two inches by an adjoining building on the southerly side. They therefore claimed that the vendors did not tender a good, clear and marketable title, and insisted that the defects should be remedied. This the complainants refused to do, and the testimony fails to show that the objections made to the title were removed by the complainants.

Complainants contend that the objections raised by the defendants are without merit and that the title tendered is a good, clear and marketable title. They therefore filed this bill to compel the vendees to specifically perform their contract to purchase the premises.

The property is located in the business center of the city of Passaic, and the purchase price therefor was $42,000.

In *Doutney* v. *Lambie, 78 N. J. Eq. 277,* the court of errors and appeals, through Mr. Justice Parker, stated the rule in this class of cases to be "that the vendor must prove that his title is good beyond a reasonable doubt, and will not expose the defendant to litigation."

The court further stated that "the question for decision, therefore, was whether the complainant's title was so plainly marketable as to require a court of equity, in the exercise of a legal discretion, to decree specific performance."

And, further, quoting from *Tillotson* v. *Gesner, 33 N. J. Eq. 313,* decided by that court, that "the purchaser should have a title which shall enable him not only to hold his land but to hold it in peace, and if he wishes to sell it, be reasonably sure that no flaw or doubt will come up to disturb its marketable value. The court cannot satisfactorily or conclusively settle a title in the absence of parties who are not before them in the suit to assert their estate or interest in the lands."

And in sustaining the decree of the court of chancery dismissing the bill on the ground that the title offered by the complainant was unmarketable, the court concluded that, referring to the quotation from *Tillotson* v. *Gasner:*

"These propositions are both elemental and fundamental, and we need not go outside of them to confirm the decree below. Having examined the evidence, we are satisfied that, to say the very least, the question of encroachment is a doubtful one, and might well lead to troublesome and vexatious litigation in the future, which might be decided adversely to the owner and compel a substantial alteration of a large apartment building. This is sufficient to render the title unmarketable, and to justify, if not require, a court of equity to refuse specific performance to a vendor."

And in *Van Riper* v. *Wickersham, 77 N. J. Eq. 232* (at *p. 237*), the court of errors and appeals, through Mr. Justice Voorhees, said:

"The principle adopted by courts of equity in matters of specific performance is that they will not compel a purchaser to take a title of which there is a reasonable doubt, and such doubt is held to exist if the purchaser, desiring to sell the lands, would be adversely affected by such doubt. * * *

"So it is the uniform rule in this state to decline to decree performance where such doubt exists, though rested on grounds merely debatable, but which might visit upon the purchaser litigation in that regard, and that, too, where at law the title might, in fact, be declared good."

Applying these rules to the situation presented in the case at bar, I am clear that although the first objection regarding the alleged defective acknowledgment in a prior deed might not be of sufficient materiality to warrant the defendants in refusing to accept title, nevertheless, the second and third objections pertaining to the defective description in a prior deed, and the encroachment of the adjoining building are sufficient to justify the defendants in refusing to accept the deed.

I am satisfied that a cautious subsequent purchaser of these premises would exact of the present vendees the rectification of the defective description, which would, in all probability, require a suit to quiet title, and the removal of the encroachment by the adjoining building referred to, which might well involve a suit in ejectment.

To my mind this is sufficient to render the title so plainly unmarketable as to require a court of equity, in the exercise of its legal discretion, to refuse specific performance to the vendor.

In accordance with these views I will therefore advise a decree dismissing the bill.