HARVEY L. WYATT et al., executors, &c., complainants,

*v.*

MILDRED BERGEN, defendant.

[Submitted September 2d, 1924. Decided December 10th, 1924.]

1. Complainants' testatrix contracted to sell lands fixing the date for performance. In the contract the vendor covenanted and agreed that the building erected on the lands above described does not encroach on adjoining property, nor does the buildings on adjoining lands encroach on the property above described. On the date of the contract the coping of an adjoining building encroached on the premises in question three inches for a depth of about twenty-two feet. Time was not by the contract made of its essence.

2. The defendant not having taken title on a date to which the passing was adjourned, the complainants gave notice, in writing, to the defendant, fixing a date for closing, which made time of the essence of the contract. After receipt of this notice defendant had a survey made which disclosed the encroachment, and one day before the time fixed in complainants' notice, defendant sent a notice to complainants rejecting the title, giving several reasons, one of which is that the building adjoining the premises in question on the north encroached over for twenty-five one hundredths of a foot on the premises in question for approximately a distance of twenty-two feet, more or less. About a month after the above notice was served the complainants had the encroachment removed, and within a week thereafter conferred with defendant's counsel for the purpose of fixing a date to pass title. Defendant's counsel declined, stating that defendant stood on her notice rejecting the title. Shortly thereafter the bill was filed. *Held* (1) complainant having made time of the essence of the contract, and being unable on the day appointed to deliver a title free from encroachments, the defendant had a right to refuse to carry out the contract; (2) where an encroachment is slight the court might decree specific performance with abatement of purchase price; yet, where the contract contains a covenant that there are no encroachments, specific performance will not be decreed, because to do so would be to draw a new contract for the parties upon which their minds had never met; (3) there is no difference in principle between a case where time is not of the essence of the contract, and the encroachment exists at the time of final decree, and a case where the encroachment is removed before bill filed but after the date appointed for closing title, where time is of the essence of the contract.

*Messrs. Melosh, Morten & Melosh,* for the complainants.

*Messrs. Gross & Gross,* for the defendant.

GRIFFIN, V. C.

The bill in this cause was filed to compel the defendant vendee to specifically perform a contract entered into on the 15th day of September, 1922, whereby Anna F. Simpson, widow, in her lifetime, contracted to convey, and the defendant contracted to purchase, certain lands in Hudson county for the sum of $20,000, to be paid for as follows: Five hundred dollars on the execution of the agreement, $4,500 on delivery of a deed and the balance by mortgage for $15,000. In the contract the vendor "covenants and agrees that the building erected on the land above described does not encroach on adjoining property, nor does any buildings on adjoining property encroach on the land above described." The title was to pass on January 10th, 1923. On November 4th, 1922, Mrs. Simpson died, leaving a will in which she appointed the complainants as her executors. After the date fixed in the contract for the closing of the title the complainants wrote the defendant as follows:

"You are hereby notified that the executors of the Estate of Annie F. Simpson demand that you perform your contract made with Annie F. Simpson, dated September 15, 1922, for the purchase of premises No. 50 Tonnele Avenue, such performance to take place on or before January 31, 1923. We have endeavored to find your address and have asked the Branleygran Company to furnish it to us, but they have not complied with such request. Had we known your address we would have communicated with you on the 10th inst. When title is closed the interest will be demanded upon the unpaid purchase price from January 10, 1923."

On February 1st, 1923, one Joseph Irving, who was the agent of the defendant, wrote a letter to Mr. Morton, one of the executors, as follows:

"After being notified by you, that you would require an additional deposit of $500 on account of the contract made by the late Mrs. Anne Simpson with Miss Mildred Bergen, for premises 50 Tonnele

Avenue, this city, I immediately got in touch with Miss Bergen, and she authorizes me to state to you that on the 12th inst. she will mail check for the amount you require.

"I am doing all I can to get myself in readiness for the closing of the matter."

On February 5th, 1923, Mr. Morten wrote Mr. Irving, *Exhibit 5*, as follows:

"Replying to your letter of the 1st inst. relative to the purchase of property No. 50 Tonnele Avenue, Jersey City, I would advise that the Rev. Dr. Wyatt and myself, executors of the estate of the late Anna F. Simpson, feel that in giving you until February 12, within which to make an additional deposit of $500, is all the time that we can grant, and unless you make this deposit we will have to consider the contract as abandoned by you and either rent the property or make some other disposition thereof, so that the interest of the estate may be protected. I am writing you so that there may be no misunderstanding, and ask you to regard this as formal notice to that effect.

"We do this so that we will not be open to any criticism ourselves, and while personally we would like to give you longer time and every possible opportunity to avoid any loss, yet in duty to the persons who are the beneficiaries under the will of Mrs. Simpson, we cannot do what we would like to do, but we must do as the law requires us to do.

"I feel quite certain that you appreciate the position in which we are placed and will govern yourself accordingly."

This additional deposit of $500 having been paid, the time for closing the title was extended to April 1st. On April 3d, 1923, complainants' solicitors wrote to the defendant a letter, *Exhibit 6*, of which the following is a copy:

"You have not performed contract for purchase of Tonnele Avenue property, and, on behalf of the executors of the estate of Anna F. Simpson, we now give you notice that if contract is not performed by the 10th inst., we shall deem the contract null and void, and feel at liberty to make such disposition of the property as opportunity may afford. All your rights under contract heretofore made will cease and determine after April 10, 1923."

On April 9th the defendant's solicitors wrote the complainants' solicitors, *Exhibit 7*, of which the following is a copy:

"We represent Mildred Bergen, the purchaser of property No. 50 Tonnele Avenue, Jersey City, which she purchased on September 15th last from Anna F. Simpson.

"Our client has turned over to us your letter of the 3rd inst., addressed to her.

"We desire to say that our client rejects the title in question for the following reasons:

"1. That the building adjoining the premises in question on the north encroaches over for 25/100ths of a foot on the premises in question for approximately a distance of 22 feet, more or less.

"2. That the executors of the seller are unable at the present time to convey according to contract terms, because the lands in question are liable for the debts of the deceased for one year from the date of her death.

"3. There is no waiver of inheritance tax releasing the property in question on file in the County Clerk's Office in Hudson County.

"4. That there is a life estate in the premises in question outstanding in Ida B. Simpson, the life tenant mentioned in the will of Anna F. Simpson.

"The purchaser is able to perform and has had the balance of the purchase price in readiness for some time past, and she insists upon rejecting the title for the reasons above set forth.

"Will you kindly have your client make arrangements to refund the deposit, as well as search and survey fees and fees paid to the broker under the contract in question."

About the 18th of April, 1923, the defendant rendered a claim, under oath, to the complainants for a return of the moneys paid under the contract, and for search and survey fees.

It appears that the complainants were anxious to close the title promptly, and the defendant, for some unexplained reason, desired delay. In this situation the complainants wrote the letter of April 3d, 1923, *Exhibit 6,* in which the complainants gave plain notice to the defendant that, unless the title was closed on April 10th, the contract would be null and void, thus attempting to declare time to be of the essence of the contract, which was not the case before.

A question arises as to whether this notice, *Exhibit 6,* in the language of Mr. Justice Holmes, in *Stewart* v. *Griffith, 217 U. S. 323; 30 Sup. Ct. Rep. 528,* was "politely to apply a spur" to the defendant to speed her in the performance of the contract, or whether it was intended to operate as making time of the essence of the contract. As

applied to the letters, *Exhibit 3* (undated) and *Exhibit 5*, of February 5th, 1923, it is easy to conclude that these were intended to "spur" the defendant to perform her contract, but, as applied to the letter of April 3d, it cannot be. The language in the letter of April 3d is positive and certain, leaving no room for doubt that it was the intention of the complainants to regard the contract at an end on April 10th, 1923, if the defendant did not perform on or before that date, thus attempting to make time the essence of the contract.

At the time *Exhibit 6*, of April 3d, 1923, was written, the complainants were unaware of the fact that the coping of an adjoining building encroached on the premises in question about three inches for a distance of about twenty-two feet in depth. This discovery was made by the defendant on April 6th, when she had a survey made. It does not appear that the result of this survey was made known to the complainants, or that they had any knowledge of that fact until they received *Exhibit 7*, of April 9th, 1923. They then undertook to have the encroachment removed, which was done between the 1st and the 10th of May following, and on the 17th of May the complainants' solicitors advised the defendant's solicitors that the encroachment had been removed, and that they were ready to deliver a deed for the premises in question at a time to be fixed. The defendant's solicitors refused to entertain the proposition, and stated that their client still maintained the position she had taken when the letter *Exhibit 7* was written.

The complainants argue that time was not made of the essence of the contract by defendant at any time; that the notice of the defendant rejecting the title did not so make it, and they argue that twenty days' notice should have been given by defendant requiring the performance thereof. *Orange Society, &c., v. Konski, 94 N. J. Eq. 632; 121 Atl. Rep. 448.* I cannot agree with this view. The defendant, by *Exhibit 7*, did not attempt to make time of the essence of the contract; this was attempted to be done by the complainants, and, as the complainants could not give good

title, by reason of this encroachment, on April 10th, the defendant, accepting the notice of the complainants in the light that it was intended, gave notice rejecting the title because of the encroachment. And this she had a right to do. Where the encroachment is slight, the court might decree specific performance with an abatement of the purchase price (*Schienman et al.* v. *Bloch, 97 N. J. Law 404; 117 Atl. Rep. 389; affirmed, 98 N. J. Law 571; Doherty* v. *Egan Waste Co., 91 N. J. Eq. 400, 406; 111 Atl. Rep. 499*); yet, where the contract contained a covenant that there were no encroachments, the rule seems to be otherwise. In the case of *Herring et al.* v. *Esposito, 119 Atl. Rep. 765,* the contract in question had a clause against encroachments similar to the one in the present suit; there the encroachment was slight (from two to one and five-eighths inches), and Vice-Chancellor Bentley distinguished* between cases in which there were no specific covenants against encroachments and one containing such covenant, and said, in effect, that the court could not disregard the clause of the contract, because to do so would be to draw a new contract for the parties upon which their minds had never met, and he dismissed the bill, and decreed that the complainant should return the defendant the deposit. There the case was on final hearing, with the encroachments continuing at the time of final decree; here the case is on final hearing with the encroachment removed, but the principle, it seems to me, is the same in both cases, whether the encroachment existed at the time of final hearing, where time is not of the essence of the contract, or on the day appointed for the closing of the contract, where time was made of its essence.

Whether the time fixed in the notice of April 3d was short and unreasonable need not be considered. That question might have been raised by the defendant if she desired to perform. Instead, however, she treated it as sufficient, and gave notice of the encroachment, and rejected the title. Under such circumstances the complainants are not entitled to compel the specific performance of the contract.

Having reached this conclusion, it is unnecessary to con sider the other three objections of the defendant contained in *Exhibit 7.*

A decree will be advised dismissing the bill, and that the complainants return the deposit demanded in the counter-claim, together with the expenses referred to in the statute.