LOUIS WATERMAN ET AL. v. MAX TAUB.

Argued October term, 1924—Decided February 13, 1925.

Contracts—To Recover Damages for Breach of Agreement to Take Title to Property—Alleged Unmarketability of Title—Burden of Unmarketability on Purchaser was Not Sustained —Wall Encroachment of Half Inch, and Sidewalk Encroachment, in the Absence of a Violation of Municipal Ordinance, Insufficient.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff, *Morris Umansky* (*Julius Lichtenstein,* of counsel).

For the defendant, *J. Raymond Tiffany.*

PER CURIAM.

Plaintiff and defendant entered into a mutual contract for the sale and exchange of certain real estate. Plaintiff tendered performance on his part, defendant being the vendee.

Plaintiff brought this suit in the First District Court of Jersey City to recover $500 damages alleged to have been sustained by plaintiff for search fees and broker's commissions, and the trial judge, sitting without a jury, gave judgment for the plaintiff for $477.46.

The defendant insisted that the plaintiff did not have a marketable title, and that such title as he had was not in accordance with the terms of the contract, which was that the *locus in quo* was to be conveyed subject to two mortgages, and also subject to a sewer easement, and the easement of existing party walls.

The burden of proof of the non-marketability of the title admittedly was upon the purchaser. The trial judge, in his conclusion, held that the title was marketable, and that it was subject to no encumbrances other than those specifically recognized in the contract. The alleged encroachment was a wall deviating one-half inch from a direct course, and a special encroachment on the sidewalk of from one to nine inches. The trial judge, however, seemed to consider this immaterial, and that conclusion, we think, may be sustained. The reference in the contract to the party wall we consider is sufficient to eliminate the wall encroachment of half an inch, and the encroachment on the sidewalk, in the absence of a showing that it was contrary to a municipal ordinance, we think is insufficient to render the title unmarketable. Such seems to be the effect of our decision in *Scheinmann* v. *Bloch*, 117 *Atl. Rep.* 389; *affirmed*, 119 *Id.* 926. In any event, proof of the facts was unsatisfactory, so that the court might be justified in finding them not sustained by the proof.

The judgment will therefore be affirmed.