[No. 19717. Department One. January 8, 1927.]

FIRST NATIONAL BANK OF OKANOGAN, *Respondent*, v. NELLIE E. BAKER, *Appellant*, OLIVE MOOMAW *et al., Defendants.*[1]

[1] DEPOSITS IN COURT (1)—FUNDS OF DECEDENT'S ESTATE. Where there is a controversy over the right to a fund, the court may order it deposited in court, notwithstanding it is claimed by an executrix under her right to collect property belonging to the estate.

[2] EXECUTORS AND ADMINISTRATORS (58, 92)—ALLOWANCE TO SURVIVING WIFE—RIGHTS OF CREDITORS TO PRIORITY. Where a chattel mortgage given to a bank by deceased was good as between the parties although void as to creditors, the bank, on filing a claim for any deficiency found on foreclosure, takes precedence over the widow's claim that the mortgaged property be set over to her as her homestead allowance under Rem. Comp. Stat., § 1473.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered October 17, 1925, in favor of the plaintiff, in consolidated actions for the foreclosure of a mortgage and the granting of a widow's allowance against the same property. Affirmed.

*P. D. Smith,* for appellant.

*Johnson & O'Connor,* for respondent.

MITCHELL, J.—Perry O. Baker died on July 12, 1924, leaving a widow and children. His widow, Nellie E. Baker, was appointed and qualified as administratrix of his estate. At the time of his death, there were outstanding several notes secured by mortgages on real and personal property all of which were executed and delivered by Mr. and Mrs. Baker to the First National Bank of Okanogan. At the time of his death, he was engaged in the operation of a small sawmill, in connec-

[1]Reported in 252 Pac. 105.

tion with which he had purchased under written contracts certain lumber already at the mill and other standing timber that had been secured and manufactured into lumber at the mill. These contracts had been assigned in writing and delivered by Mr. Baker to the bank as collateral for indebtedness due the bank. The assignments were not signed by Mrs. Baker. After the contracts had been assigned to the bank, Mr. Baker sold a portion of the lumber to the Biles-Colman Lumber Company (one of the defendants in the present action) that had not been paid for. The balance of the lumber, it appears, was left at the mill. The bank duly presented its claim to the administratrix against the estate to the extent of, and in preservation of, its rights to any deficiency judgment it might be entitled to in any suit or suits of foreclosure and sale of the mortgaged property. The bank then brought a foreclosure suit setting up all the notes, mortgages and assignments that had been delivered to it.

At the same time Mrs. Baker filed a petition alleging that no homestead had been claimed, in the manner provided by law, prior or subsequent to the death of her husband; that all funeral expenses, expenses of last sickness of the decedent, and all expenses of administration had been paid; that all of the real property belonging to the estate had been mortgaged for more than its value, and that the remaining property, consisting of the lumber account owing by the Biles-Coleman Lumber Company, sawmill machinery and lumber on hand, did not have a total value in excess of three thousand dollars. She petitioned that the lumber account, machinery and lumber on hand be set off to her as her sole and separate property. The petition was made under Rem. Comp. Stat., § 1473 [P. C. § 9893]. By stipulation of all the parties, the bank's

foreclosure suit and the petition of Mrs. Baker were heard together and a single judgment entered disposing of all the questions presented in both actions.

The assignments of the lumber and timber contracts to the bank by Mr. Baker were not accompanied by any affidavit of good faith. The trial court found and decreed, among other things, that the assignments of the lumber contracts were in legal effect chattel mortgages that were void as to creditors, but binding in favor of the bank as against Perry O. Baker and the community to the extent of the property involved and the unpaid proceeds of the sale of any of the property upon which the bank had a lien for any deficiency judgment, after the sale of all the other mortgaged property, superior to any right of Mrs. Baker. It was further ordered that the Biles-Coleman Lumber Company pay into court the amount it owed for lumber, to be applied by the clerk according to the terms of the decree. Mrs. Baker has appealed.

[1] The first assignment is that the court erred in directing the Biles-Coleman Lumber Company to pay money into court rather than to her as administratrix, who under the statute is entitled to collect and handle funds and property of the estate. It appears that the official bond of the administratrix was largely insufficient to cover the amount, and why put the estate to the expense of an additional bond for that purpose. We see no good reason, nor is any suggested, why the court hasn't the power to require a fund over which there is a controversy to be paid into court where one of the parties to that controversy is an administratrix as much so as it has in any other kind of a case.

As to the second assignment, it may be stated that the court did set aside personal property to the appellant with the qualification in favor of the bank already

mentioned, under assignments by Mr. Baker of the lumber and timber contracts.

[2]   The propriety of the preference thus given the bank, if necessary to meet any deficiency judgment, over the rights of the appellant, constitutes the remaining and principal assignment of error. The question is, did the assignments, without the signature of Mrs. Baker, give the bank rights superior to hers under the statute providing for an allowance to a surviving spouse. If, as argued by the appellant, the assignments, treated as chattel mortgages and hence requiring affidavits of good faith, are void as to creditors because they had no such affidavit, that does not prevent them from being good as between the parties—the bank on the one side and Mr. and Mrs. Baker and the community composed of them on the other side. The trial court, as quoted in one of the briefs, has tersely and correctly stated the rule which we adopt, as follows:

"If Baker were living he could not question the assignments, neither could the wife of the community, because the transaction was binding on the parties. It was good as a chattel mortgage between the parties and the death of one spouse could not avoid it. It is true that, by the death of Baker, the law at once made the surviving spouse a preferred creditor, but it seems to me that she was not thereby relieved of her former contracts, entered into by her deceased husband for them both as a community. To hold in her favor on the question, we must read into the statute a proviso that the death of one spouse will invalidate the community contracts."

Judgment affirmed.

TOLMAN, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.