BIRDIE VANGILDER *et al. v.* DELLA F. VANGILDER, *Admx., et al.*

(No. 8593)

*and*

UNITED STATES FIDELITY AND GUARANTY COMPANY *et al. v.* DELLA F. VANGILDER

(No. 8594)

Submitted September 8, 1937.  Decided September 14, 1937.

FOX, JUDGE, dissenting.

*L. T. Eddy* and *Victor H. Shaw*, for appellant.
*Frank C. Haymond* and *C. Brooks Deveny*, for appellees.

HATCHER, JUDGE:

No. 8593

This suit was instituted by Birdie Vangilder and other children of John T. Vangilder, deceased, against Della F. Vangilder, his widow and administratrix, United States Fidelity and Guaranty Company, her surety, and others. The litigation concerns Liberty Loan Bonds of the par value of $12,000.00 owned at one time by the decedent. The bill alleges that he owned the bonds when he died, and that they came into the hands of Mrs. Vangilder about that time. The bill prays that she, as his administratrix, be required to account for the bonds and be restrained from disposing of them. No restraining order was issued. Mrs. Vangilder answered, alleging the bonds were in her possession, claiming them as a gift from her husband and disclosing the details of his transfer of their possession to her. After her answer was filed, the Guaranty Company gave her notice of a motion to require her to turn the bonds over to some person, whom the court should name, to be held by him until their ownership should be finally determined. On the return day of the notice, the company filed its answer, which alleges that it was not advised as to the true ownership of the bonds, but in the event they were found to be a part of the decedent's estate, then there was "grave danger" that it, as surety, would be liable for the bonds, "especially", as the answer predicated, "if the said Della F. Vangilder has disposed of said bonds and is unable to account for them and pay over to the distributees of the estate of the said John F. Vangilder their distributive shares therein, for the reason that as this defendant is advised the said Della F. Vangilder is without property or assets or estate from which a recovery can be made or had." The answer prayed that Mrs. Vangilder be required to turn over the bonds to someone the court should name to hold them until their ownership was determined. The answer was verified. Upon the filing of the answer, the company moved the court to sequester the bonds, as set out in the notice. The plaintiffs joined with the company in the

motion, and Mrs. Vangilder "resisted" it. Without further showing, the court granted it, and commanded her, forthwith, to deliver the bonds to the clerk of the court, to be held by him until further order. She appealed.

Since the days of Queen Elizabeth, courts of equity have claimed inherent jurisdiction to sequester property, the subject matter of litigation, that it may be preserved in its integrity, pending the suit. *Steele* v. *Walker,* 115 Ala. 485, 495, 21 So. 942, 67 Am. St. Rep. 62. The writ has been largely superseded in the United States by statutory proceedings, but it has not been abolished and still may be resorted to when deemed expedient. *Manning* v. *Mercantile Co.* 242 Ill. 584, 90 N. E. 238, 243, 30 L. R. A. (N. S.) 725. Since it is "a very severe mode of proceeding," however, it may be used "only for extreme cases." 57 C. J., subject Sequestration, section 11. *Good cause* must be shown. Mere apprehension that the one in possession of property will dispose of it pending the litigation is not ground for the writ. Facts and circumstances must be alleged and if denied, proven, showing reasonable grounds for the apprehension. *Mercer* v. *Byrd,* 57 N. C. 358, 360. "The affidavit on which an order of sequestration is awarded should state *positively* the existence of facts on which the application is grounded, or if only matter of belief, the grounds of that belief." *Edwards* v. *Massey,* 8 N. C. (1 Hawks) 359. The answer of the company bases its apprehension of danger upon two bare hypotheses, namely, if Mrs. Vangilder lost the suit and if she disposed of the bonds. The answer has not a single allegation of fact or circumstance showing or tending to show a likelihood that she would dispose of them. The motion, therefore, is unsupported by the character of allegation and proof requisite to warrant sequestration.

The order of sequestration is set aside and the cause remanded.

*Order set aside.*

### No. 8594

This is an appeal from an order committing Mrs. Vangilder to jail for failure to deliver the bonds to the clerk.

Since the order to deliver the bonds was invalid, it follows that the order of committment is also invalid and it is accordingly set aside.

*Order set aside.*

Fox, Judge, dissenting:

I respectfully dissent from the opinion of the majority in this cause. Apparently we do not differ as to the inherent power of the court in this case to conserve and control the subject matter of the litigation during its pendency, so that it may be able to enforce its final decree as to the property affected thereby. Our differences seem to arise out of the extent of the showing required to justify the action of the court within its undoubted powers.

The ownership of bonds of the Federal Government of the par value of $12,000.00 is in dispute. The plaintiffs contend that the defendant administratrix should, in her fiduciary capacity, account for the same; she, the administratrix, admitting in her answer the possession of the bonds, says that she holds the same as her individual property through a gift from her deceased husband. The surety on her bond as administratrix, a party to the cause, asked in its answer that the court require the administratrix to deliver the possession of these bonds to some person to be designated by it, to be held by him until the title thereto should be determined. The plaintiffs joined in this request when the matter was argued in the court below. The administratrix resisted the request and there seems to have been a complete hearing.

It may be admitted that the answer of the surety company was not as specific as good pleading would suggest on the danger of the liability it might incur should the court fail to take control of the bonds in question, but the allegations therein come well within the facts alleged and upon which the court granted the same character of relief through the medium of a receiver, in *Petrie* v. *Buffington,* 79 W. Va. 113, 90 S. E. 557; and were, when read in connection with the bill and the answer of the defendant administratrix, all verified, sufficient in my judgment

to justify the court below in entering the order complained of.

Being of the opinion that courts are vested with broad inherent power to control property which is the subject of dispute and that such powers should not be curbed except in cases of plain abuse thereof; that from the very nature of this case, the pleadings filed herein and character of the property affected and its admitted possession by the administratrix, it was, in effect, subjected to the control of the court; and that the order complained of worked no substantial prejudice to any party to the suit, but merely served to assure to the court power to enforce its decree upon a decision of the merits of the cause, I would affirm the order of the court below.

A majority of the court being of the opinion to set aside the order as to the possession of the bonds, I agree, of course, that the order in the contempt proceedings falls with it.