Yoest et ux., Appellants, *v.* McCracken.

Argued October 1, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Saul L. Rubin,* for appellants.

*Harry A. Estep,* with him *Harry I. Glick,* for appellee.

PER CURIAM, November 10, 1947:

The appellant-plaintiffs filed their bill for specific performance of defendant's agreement to sell real estate. Defendant had refused to deliver possession at the time specified, asserting that the time had been extended six months by oral agreement. On defendant's failure to answer the bill, plaintiffs obtained a decree pro confesso and also obtained possession. The consideration was $6,800.00, of which $300.00 was paid at delivery of the agreement. Claiming to have been damaged to the extent of $200.10 by the defendant's delay in delivering possession, and allowing for apportionment of taxes, water rent and costs, plaintiffs obtained a decree direct-

ing the vendor to deliver a deed on receiving $6,287.69 from them.

On December 2, 1946, appellants obtained an order giving them leave to deposit with the prothonotary the sum of $6,287.69 "which amount has been determined to be the net balance due on account of the purchase price under the contract and this Decree and in accordance with the attached Statement of Settlement." The defendant then obtained a rule on appellants to show cause why the final decree should not be opened and defendant allowed to contest "the assessment of the damages" the amount of which had been credited on the purchase price in the decree, as stated above. That rule was made absolute June 24, 1947, but at the argument of this appeal in this court, was formally withdrawn. Thereafter the appellants, by proceedings which need not be detailed, sought to amend their bill by averments claiming that they had been damaged in the sum of $5,000.00, instead of the sum previously deducted by them from the consideration, as stated above. At the argument in this court counsel for the appellants stated that the amount of damage alleged by him in the proposed amendment was fictitious. The court declined to allow the amendment and appellants now complain of that action. On December 9th a tenant in occupation of part of the property obtained leave to pay the rent into court. Plaintiffs applied to have this order set aside but their application was refused; this action is also assigned for error.

This appeal was prematurely taken by the plaintiffs; the decree was not final because there was still pending defendant's petition challenging the amount of damage which plaintiffs allowed to themselves in the decree pro confesso. At the argument we granted leave to counsel for defendant to withdraw the petition to open the decree. We did so because it was obvious from what was stated at the bar of this court that equity required this litigation to be ended by appellants' payment of

the balance of the consideration stated in the decree. There was no abuse of discretion (see section 2 of the Act of May 4, 1864, P. L. 775, 12 PS 1224), in refusing to allow the plaintiffs to amend their bill increasing their claim for alleged damages as stated above, nor, in view of the dispute concerning title, was there abuse of discretion in allowing the tenant to pay the rent into court.

The decree is affirmed; costs to be paid by the appellants.