Jack FOUCH, Plaintiff,

v.

Joseph C. ROLLINS and Beryl Rollins, Defendants.

No. A–11821.

District Court, Alaska
Third Division, Anchorage.
Nov. 30, 1956.

David H. Thorsness of Davis, Renfrew & Hughes, Anchorage, Alaska, for plaintiff.

John C. Dunn, Anchorage, Alaska, for defendants.

McCARREY, District Judge.

This matter comes before the court upon a motion by the plaintiff for an order " \* \* \* directing the plaintiff to pay into the registry of the court, all amounts due under that contract designated Exhibit 'A' \* \* \* as the same shall become due and payable". The defendants have answered and the case is at issue but a trial date has not been assigned because of the backlog of pending cases.

The plaintiff alleges that he entered into a real estate contract with the defendants on November 27, 1951, under the terms of which he was to purchase lot one in block three of the Lincoln Park Subdivision, Anchorage Recording Precinct. The contract appears to be a standard installment agreement containing the conventional provisions. Plaintiff alleges that he has performed all the conditions of the contract including making payments to date. He contends, further, that after the execution of the contract he discovered that a substantial portion of the house encroaches upon a public street. He states that upon discovery of this defect, he demanded that the defendants take necessary steps to remove the encumbrance by moving the house within the borders of the real property purchased. He then alleges that the defendants refused to do this and that by reason of this encumbrance, plaintiff has suffered damages in the sum of $6,000. He pleads alternatively " \* \* \* that such encumbrance and refusal to remove said encumbrance by the defendants is a breach of the real estate contract designated 'Exhibit A' and the covenant against encumbrances in the deed designated 'Exhibit B' and that this is a proper case for specific performance of said contract".

In the *ad damnum* clause the plaintiff asks for "1. \* \* \* the amount of $6,000, plus his costs and disbursements herein, together with a reasonable attorney fee. 2. That the Court enter its.

order requiring plaintiffs, during the pendency of this action, to pay all further payments under said contract into the registry of the court. 3. In the alternative that the court enter its order requiring of the defendants, performance of the contract and covenant in said deed concerning the removal of the encumbrance, and for such other relief as to the Court shall be meet in the premises".

The warranty deed now in escrow contains the usual grantor and description clauses and thereafter in the *habendum et tenendum* portion thereof provides as follows:

"To Have And To Hold the said premises, all and singular, together with the appurtenances and privileges thereto incident, unto the said party of the second part, his heirs, executors, administrators and assigns, Forever, and the said party of the first part covenants and agrees with the said party of the second part, that he is the lawful owner of the said premises, and that he has the legal right to sell the same and that there are no liens or other encumbrances against the said property, and the party of the first part does by these presents warrant and will forever defend the said party of the second part, his heirs, executors, administrators and assigns, in the quiet and peaceable possession of the said premises, against any and all persons having or claiming any right, title, or interest or estate therein, by any lawful claim."

Plaintiff contends that the requested relief is authorized by rule 67, Fed.Rules Civ.Proc. rule 67, 28 U.S.C.A., provides:

"In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing."

This language is unquestionably broad enough to include the requested relief.

The question is whether this is the kind of situation that was contemplated by the Supreme Court when this rule was drafted. Diligent inquiry fails to reveal cases decided on this facet of the rule. Whether this is a comment upon the unique character of the fact situation, or that the rule is inapplicable, I am unable to say. None of the cases which I shall cite concerning deposits were recited under similar rules of procedure.

The practice of depositing contested funds with the clerk of the court enjoys a wealth of precedent. Howard v. United States, 1902, 184 U.S. 676, 22 S.Ct. 543, 46 L.Ed. 754; Louisiana Nat. Bank v. Whitney, 1887, 121 U.S. 284, 7 S.Ct. 897, 30 L.Ed. 961. Each of the cases cited, however, concerns a specific fund and in each case the deposit is made by the defendant or his debtor. Some cases permit a tenant to tender his rent into court pending a determination of the legal owner of the occupied premises in order that the tenant avoid the possibility of paying twice should he, by chance, choose the wrong payee. Yoest v. McCracken, 1947, 357 Pa. 484, 55 A.2d 323. A general rule allowing deposits is announced in Robinson v. City of Pine Bluff, 1955, 224 Ark. 791, 276 S.W.2d 419 and First National v. Baker, 1927, 141 Wash. 672, 252 P. 105, but in each case the fact situation illustrates a tender by the defendant or someone indebted to the defendant.

In view of extensive coverage indicated by the language of rule 67 and without the benefit of guidance from the treatment of this matter in other jurisdictions, I am disposed to determine this motion on the basis of the existing equities.

■ Defendant Joseph Rollins is a member of the armed forces of the United States and outside the jurisdiction of this court. A personal judgment against the defendants would probably be of little value to the plaintiff. Counsel for the defendant urges that this consideration is balanced against the plaintiff by the weakness of his case in chief. He argues that the alleged injury is based

upon a right which has not at this time matured. This position hinges upon plaintiff's allegation that the purported encroachment is a breach of covenant of title. It is my opinion that the general law on this point is that the covenant against encumbrances is broken, if at all, at the time the deed is delivered. 21 C.J.S., Covenants, § 42, p. 915; 4 Tiffany on Real Property 134; Gore v. General Properties Corporation, 1942, 149 Fla. 690, 6 So.2d 837, 840, 141 A.L.R. 476, where the court said:

> "The covenant against encumbrances is broken when the deed is delivered, and a right of action immediately accrues." (Citing **7** Thompson on Real Property 212.)

In the Fouch case the deed is in escrow and according to the terms of the contract will not be delivered until final payment is made. Accordingly, the covenant has not been breached. However, the defendant neglects the part of plaintiff's complaint which alleges that the encumbrance is a breach of the contract itself. The real estate contract in issue provides that a "good" deed is to be delivered to the escrow agent. I am of the opinion that the vendee may elect to rescind the contract or sue for damages if the vendor is either unable or refuses to perform the contract in this respect. 55 Am.Jur. 922; Huggins v. Green Top Dairy Farms, 1954, 75 Idaho 436, 273 P.2d 399, 406, in which the court states the following:

> " 'When the vendor is unable or refuses to perform his part of a contract for the sale of land, the purchaser may elect to rescind the contract and recover the purchase money already paid, or *to affirm the contract and maintain an action for damages* for its breach, the purchaser having the right to elect to take whatever he can get under the contract and to hold the vendor liable for damages for the deficiency. * * *' " (Emphasis supplied.)

An agreement to furnish a "good" deed is legally construed as an agreement to furnish "marketable title".

1928, 57 A.L.R. 1260. If the defendants fail to produce a marketable title, free and clear from encumbrances at the time provided for, they have breached the contract. Pasternack v. Alter, 1925, 95 N.J. Eq. 377, 123 A. 885; Kaplan v. Bergmann, 1907, 122 App.Div. 876, 107 N.Y. S. 423; Hebb v. Severson, 1948, 32 Wash. 2d 159, 201 P.2d 156; Levy v. Wolff, 1956, 46 Cal.2d 367, 294 P.2d 945; Annotation 57 A.L.R. 1376.

This is not to say that every encumbrance will allow rescission or an action for breach. In Ford v. White, 1946, 179 Or. 490, 172 P.2d 822, the vendee attempted to rescind because of the vendor's failure to produce a "marketable title" in that there was an encumbrance on the land. An easement had given a power company the right to place poles on the land and it had done so. The court refused relief. In Scheinman v. Block, 1922, 97 N.J.L. 404, 117 A. 389, the building on the land sold encroached a few inches onto the property of another. The court refused rescission. And, interestingly enough, in Somers v. Leiser, 1953, 43 Wash.2d 66, 259 P.2d 843, 844, where the garage rested primarily on the easement granted to the city without actual notice to the vendee, the court refused the requested rescission. The court said this:

> " * * * a provision in a contract to convey real estate 'free of encumbrances' does not refer to granted easements, permanent in character, which are either known to a vendee, or the existence of which he should have known or ascertained had he made a reasonable investigation."

This is strikingly similar to the Fouch case fact situation.

The pleadings indicate that the house involved in the Fouch case extends some four feet into the public way at the apex of the triangular extension which narrows to nothing in some eleven feet. Whether or not this will be sufficient to constitute an actionable breach depends on the nature of the encroachment, the degree of the way actually used by the

city, and the cost of remedying the defect.

"Whether or not an encroachment on a public street of a building situate upon the land sold by executory contract affects the marketable quality of the title depends largely upon the character and extent of the encroachment and the laws of the municipality wherein the property lies. The vendor has not a marketable title if his building encroaches upon the public streets to such an extent as to threaten the vendee with a substantial loss in the fee or in the rental value of the premises, or a burdensome expense in altering the building to meet the requirements of the law." Annotation 57 A.L.R. 1451.

It is conceivable that this court on trial of the case in chief might conclude, as the Washington court did in Somers v. Leiser, supra, that the vendee had constructive notice of the alleged encroachment because of municipal regulations. An extensive summary of cases dealing with this subject is found at 47 A.L.R.2d 349–352. This cannot be determined at this time.

■ In addition to rescission and suit for breach of contract, the plaintiff has the possibility of equitable relief in abatement of the amount due on the contract by the amount of injury caused by the title defect. This type of relief is available in most jurisdictions. 49 Am. Jur. 119–20; Brookings v. Cooper, 1926, 256 Mass. 121, 152 N.E. 243; Annotation 1927, 46 A.L.R. 748.

The breach justifying rescission or an action for damages may hinge upon the vendor's failure to perform either in delivering an abstract of marketable title to the vendee, or in the failure to deliver to some other person specified in the contract. In the Fouch case, "good" deed was to be delivered to the escrow agent. A failure to do this may justify court action on the part of the plaintiff. Wilson v. Calvert, D.C.Ariz.1951, 96 F.Supp. 597; Percy v. Miller, 1952, 197 Or. 230, 251 P.2d 463.

■ Though the appellate courts seem to have considered the question of rescission more frequently than the question of breach, the authorities, like the Idaho court in Huggins v. Green Top Dairy Farms, supra, frequently pronounce a general rule favoring action for breach in situations similar to this case. Accordingly, I am of the opinion that plaintiff may very well have a good cause of action at this time.

For these reasons and within the broad coverage afforded by rule 67, Fed. R.Civ.P., the motion to pay all the amounts due and becoming due under the real estate contract into the registry of the court pendente lite is hereby granted.

I am of the opinion that this is the type of case that would justify the court in advancing it on the trial calendar out of chronological order so that the defendants could not be inordinately damaged by the loss of the use of the money, plus costs of litigation, in the event that the plaintiff is not successful on the trial of the case. Such a suggestion would be favorably entertained by the court upon a motion by counsel.