The ALEUT CORPORATION et al., Plaintiffs,

v.

ARCTIC SLOPE REGIONAL CORPORATION et al., Defendants.

No. A75–53 Civil.

United States District Court, D. Alaska.

Dec. 20, 1976.

the preliminary injunction is sought only on behalf of the named plaintiffs.

Gary Thurlow, Craft, Thurlow & Loutrel, Anchorage, Alaska, Stephen M. Truitt, Wald, Harkrader & Ross, Washington, D. C., for Aleut Corp.

Michael M. Holmes, Faulkner, Banfield, Doogan & Holmes, Donald Beighle, Juneau, Alaska, Richmond F. Allan, Weissbrodt & Weissbrodt, Washington, D. C., for Sealaska Corp.

Milton M. Souter, Kodiak, Alaska, Edward Weinberg, Jay R. Weill, Duncan, Brown, Weinberg & Palmer, Washington, D. C., for Koniag, Inc.

Joe P. Josephson, Anchorage, Alaska, Howard S. Trickey, Washington, D. C., for Chugach Natives, Inc.

Robert M. Goldberg, Anchorage Alaska, for Ahtna, Inc.

Edward A. Merdes, Merdes, Schaible, Staley & DeLisio, Fairbanks, Alaska, Richard A. Derham and James Wickwire, Davis, Wright, Todd, Riese & Jones, Seattle, Wash., for Arctic Slope Regional Corp.

M. Sheila Gallagher, Anchorage, Alaska, for Bering Straits Native Corp.

James F. Vollintine, Anchorage, Alaska, for Bristol Bay Native Corp., Inc.

William K. Jermain, Hal R. Horton; Birch, Jermain, Horton & Bittner, Anchorage, Alaska, for Calista Corp.

Allen McGrath, John R. Snodgras, Graham & James, Anchorage, Alaska, for Cook Inlet Region, Inc.

William H. Timme, Fairbanks, Alaska, Francis J. O'Toole, Arthur Lazarus, Jr., Fried, Frank, Harris, Shriver & Kempelman, Washington, D. C., for Doyon, Ltd.

Joseph Rudd, Ely, Guess & Rudd, Anchorage, Alaska, Richard Baenen, Washington, D. C., for Nana Regional Corp.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on a motion for sequestration. Since the court has previously set forth much of the background information involved in *Aleut Corporation v. Arctic Slope Regional Corporation,* 410 F.Supp. 1196 (D.Alaska 1976), those matters will not be reiterated here. For present purposes it is sufficient to state that the court is concerned with Section 7(i) of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1606(i) (Supp. IV, 1974) (hereinafter ANCSA or Act).

The present motion presents one issue. That is whether the Arctic Slope Regional Corporation (hereinafter Arctic Slope) should be required to place certain funds in secure and liquid investments pending this litigation.

Section 7(i) provides in relevant part that "Seventy per centum of all revenues received by each Regional Corporation . . . shall be divided annually." By this motion certain Regional Corporations seek to require Arctic Slope to place into liquid and secure investments pending this litigation all of the funds which the other corporations feel Arctic Slope must annually divide under 7(i). Arctic Slope has consented to voluntarily sequester the sum it feels it is obligated to divide but that amount is roughly one-half of what the other corporations feel Arctic Slope must share. The eventual resolution of this suit finally will determine the exact amount which Arctic Slope must distribute under 7(i).

As a starting point for this motion, the court and the parties agree that the state law of Alaska is determinative on the issue of whether sequestration is an available provisional remedy. This is dictated by Fed.R.Civ.Pro. 64 which states:

"At the commencement of or during the course of an action, all remedies providing for seizure of person or property for

the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . .. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration . . . ."

It is well established and not disputed that this section does not create the remedy of sequestration but merely allows such a remedy if allowed under state law. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters, etc.,* 415 U.S. 423, 436 n.10, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *See generally* 7 *Moore's Federal Practice,* ¶ 64.04[3].

■ The threshold question, therefore, is whether Alaska law provides for this provisional remedy. Alaska Civil Rule 64 parallels exactly Federal Rule 64. It allows certain provisional remedies such as sequestration if the remedy is "available under the circumstances and in the manner provided by law existing at the time the remedy is sought." Adopting an interpretation of this nearly identical rule which is consistent with the federal rule requires the conclusion that Alaska Rule 64 does not create any remedy.

In conjunction with Alaska Rule 64 which, similar to Federal Rule 64, allows *inter alia* the remedies of arrest, attachment, garnishment, replevin, and sequestration, the Alaska legislature has passed laws providing for some of these remedies. There are statutes providing for attachment. (A.S. § 09.40.010 *et seq.*), civil arrest (A.S. § 09.40.120 *et seq.*), receivers (A.S. §§ 09.40.240–.250) and replevin (A.S. § 09.-40.260 *et seq.*). Similarly, Alaska Civil Rules provide for attachment (Rule 89), injunction (Rule 65), and recovery of personal property (Rule 88). Absent from these statutory enactments is the remedy sought

herein. No reported Alaska cases deal with the availability of this remedy,[1] however Alaska has specifically adopted the common law in certain circumstances (A.S. § 01.10.-010). The issue on this point then becomes a narrow one. Does Alaska allow sequestration under its common law without statutory authorization or have the statutes by implication pre-empted the common law.

It has been stated that sequestration is a common law remedy that is available even without statutory authorization. *Vangilder v. Vangilder,* 119 W.Va. 211, 193 S.E. 342, 343 (1937). However, some states have sequestration statutes.[2] *See e. g., J. C. Trahan Drilling Contractor, Inc. v. Sterling,* 335 F.2d 65 (5th Cir. 1964) (Louisiana); *U. S. v. van der Horst,* 270 F.Supp. 365 (D.Del. 1965) (Delaware); *U. S. v. Sinclair,* 347 F.Supp. 1129 (D.Del.1972) (Delaware).

In support of the position that sequestration is allowed, the moving parties rely heavily upon the Washington case of *Hockley v. Hargitt,* 82 Wash.2d 337, 510 P.2d 1123 (1973). In *Hockley* the court stated broadly that sequestration is an inherent power of a court. *Id.* at 1132. A close reading of *Hockley,* however, demonstrates that it is not applicable to the present case. *Hockley* was based on Washington law which has its own Rule 64 that also closely parallels Federal Rule 64. It appears, however, that the Washington court in *Hockley* interpreted that rule as providing the remedy of sequestration. It stated, "CR 64 provides the superior courts with a broad array of provisional remedies . . . ." *Id.* at 1131. Thus, the Washington court interpreted its Rule 64 in a manner inconsistent with Federal Rule 64 and Alaska Rule 64. *Hockley* was based on this different interpretation.

Alaska has provided certain provisional remedies by statute. The procedures for obtaining these remedies are spelled out in

---

1. It has been asserted that sequestration was allowed in *Fouch v. Rollins,* 146 F.Supp. 87, 16 Alaska 545 (D.Alaska 1956). That case, however, involved Rule 67 and is not applicable to the issue presently before the court.

2. One source states that sequestration without a statute is unusual. 27 Am.Jur.2d p. 586. Although upon a close reading the cases cited in this collection probably do not support such a broad statement it is instructive to some extent.

detail. In subsequent arguments which are not necessary to meet, the parties disagree strenuously on what circumstances allow sequestration and what standards are applied to the availability of the remedy. One court has called a similar remedy harsh and demanded strict compliance with the state statutory scheme. *Baxter v. United Forest Products Co.,* 406 F.2d 1120, 1127 (8th Cir. 1969).

Alaska Rule 64 specifically mentions sequestration as a possible remedy, yet the Alaska legislature has not enacted a sequestration statute. Given the harsh nature of this remedy and the fact that the Alaska legislature has spelled out in some detail the procedure for obtaining other similar remedies, the implication is clear that Alaska has decided that sequestration of the nature sought herein[3] is not available and has preempted the common law with a complex statutory scheme.

Accordingly IT IS ORDERED

THAT the motion for sequestration is denied.

---

3. Attachment is provided in certain instances. A.S. § 09.40.010; Civil Rule 89.